*In re* ANÍBAL PADILLA, querellado.

*Número:* 107.     *Resuelto:* 11 de febrero de 1963.

J. B. *Fernández Badillo, Procurador General, Rodolfo Cruz Contreras,* y *Genoveva R. de Carrera, Procuradores Generales Auxiliares,* abogados de El Pueblo; *Leopoldo Tormes García,* abogado del querellado.

PER CURIAM: El día 9 de enero de 1961, el Procurador General radicó ante este Tribunal una querella contra el Lic. Aníbal Padilla, consistente en los siguientes cargos:

### PRIMER CARGO

"El querellado, Aníbal Padilla, en fecha 23 de julio de 1959 incurrió en conducta inmoral e impropia al expulsar de su oficina a su cliente el señor José Cuevas Vélez y al hijo de éste, Dr. Juan Aníbal Cuevas, mientras sostenía en sus manos un revólver y a la vez que profería frases insultantes ·a los mencionados ciudadanos quienes en dichos momentos mantenían una entrevista profesional con el querellado."

El Comisionado Especial designado por este Tribunal en 16 de febrero de 1961 para oír y recibir la prueba en este caso, certificarla y radicarla con sus conclusiones de hecho, en su informe del 7 de agosto de 1961 llegó a la conclusión que los hechos que motivan este cargo han sido probados. Hemos examinado la declaración del querellado negando estos hechos y la transcripción de la evidencia en cuestión en este caso y nos sentimos satisfechos que el Comisionado Especial llegó a la conclusión correcta de que los hechos de este cargo habían sido probados.

### SEGUNDO CARGO

"El querellado, Aníbal Padilla, en fecha 23 de julio de 1959 violó la norma establecida por el Canon 7 de los *Cánones de ética profesional que regirán la conducta de los abogados de Puerto Rico* al considerar como prueba de falta de confianza el ofrecimiento que le hiciera su cliente don José Cuevas Vélez, de conseguir la ayuda de otro abogado que lo representara en los casos ante el Tribunal Superior de Puerto Rico, Sala de Ponce: José Cuevas Vélez v. Ramón Ralat Sáez y otros, Civil Núm. CS 57–820 y CS 57–1536, Sobre: *Cumplimiento específico de contrato.*"

El Comisionado Especial en su informe indica que los hechos de este cargo también se probaron. Así lo hemos podido determinar del examen de la transcripción de evidencia.

### TERCER CARGO

"El querellado, Aníbal Padilla, en o para el da 23 de febrero de 1959 incurrió en conducta inmoral e impropia al expulsar de su oficina, mientras pronunciaba frases indecorosas, a su compañero abogado el Lic. Práxedes Álvarez Leandri, quien había acudido a ella en gestiones profesionales."

Convenimos con el Comisionado Especial que existe prueba de los hechos en que se basa este cargo.

### CUARTO CARGO

"El querellado, Aníbal Padilla, ha incurrido en conducta inmoral e impropia al redactar y radicar ante el Tribunal Supe-

rior de Puerto Rico, Sala de Ponce y ante el Tribunal de Distrito de Puerto Rico, Sala de Ponce, los siguientes escritos en los que formula imputaciones falsas a varios magistrados y en los que utiliza un lenguaje impropio y ofensivo contra dichos funcionarios:

'*Moción solicitando inhibición conforme a la regla 63 de procedimiento civil*', de fecha 20 de febrero de 1959, radicada en el caso Digna María Colón v. Donato Zayas Pizarro, Civil Núm. CS 58–543.

'*Moción de reconsideración en incidente de inhibición*', de fecha 1 de abril de 1959, radicada en el caso Digna María Colón v. Donato Zayas Pizarro, Civil Núm. CS 58–543.

'*Moción al amparo de la ley 11 de marzo de 1915 para seguir litigando como insolvente*', de fecha 14 de agosto de 1959, radicada en el caso José Cuevas Vélez v. Ramón Ralat y otros, Civil Núm. CS 57–1536.

'*Moción*', de fecha 13 de agosto de 1959, radicada en el caso María Buencristiano v. Israel Torres Torres, Civil Núm. CS 57–1273.

'*Moción solicitando orden para que el Juez Ramón A. Gadea Picó se inhiba en este caso*', de fecha 1 de marzo de 1956, radicada en el caso José A. González v. Insular Labor Association, Civil Núm. CS 55–926.

'*Moción solicitando nuevo juicio o que se deje sin efecto la sentencia dictada*', de fecha 30 de julio de 1954, radicada en el caso José Sepúlveda Lugo v. René Vélez Faccio, Civil Núm. R 111–41.

'*Moción solicitando del Hon. Tribunal sumariamente dicte sentencia de acuerdo con lo estipulado por las partes*', de fecha 18 de mayo de 1953, radicada en el caso Juan Oscar Vázquez v. Luz Aurora Schmidt, Civil Núm. TS 52–208.

'*Moción solicitando del Hon. Tribunal dicte sentencia sumariamente*', de fecha 18 de mayo de 1953 radicada en el caso Luis G. Hernández v. Antonia Vélez Morales, Civil Núm. CD 52–826.

'Documento dirigido al Juez Administrador del Tribunal Superior de Puerto Rico, Sala de Ponce, de fecha 18 de mayo de 1953, interesando la inhibición del Juez Ramón A. Gadea Picó.

'*Moción de oposición y sometimiento por los méritos*', de fecha 18 de septiembre de 1956, radicada en el caso

240

María Buencristiano v. Francisco Luis Franceschi, Civil Núm. CS 56–192.

'*Moción*', de fecha 21 de mayo de 1956, radicada en el caso José A. González v. Insular Labor Association, Civil Núm. CS 55–926.

'*Moción sometiendo certificaciones del matrimonio objeto de esta moción, suplicando sentencia perentoria*', de fecha 1 de noviembre de 1956, radicada en el caso Juan V. Martínez v. Mercedes Alvarado, Civil Núm. CS 56–1259.

'*Moción aclaratoria*', de fecha 24 de junio de 1957, radicada en el caso Laureano Postigo v. Antonio J. Zayas, Civil Núm. CD 57–304."

### QUINTO CARGO

"El querellado, Aníbal Padilla, ha incurrido en conducta inmoral e impropia al cursar la correspondencia que se señala a continuación, dirigida a altos funcionarios del Estado Libre Asociado de Puerto Rico, en la que formula falsas imputaciones, utilizando un lenguaje impropio de un abogado, a varios magistrados del Tribunal Superior de Puerto Rico.

Carta de fecha de abril de 1954, dirigida a la Oficina de la Administración de los Tribunales de Puerto Rico conteniendo una querella contra el Hon. Ramón A. Gadea Picó.

Carta al Hon. Gobernador de Puerto Rico de fecha 3 de julio de 1954.

Carta al Hon. Presidente del Tribunal Supremo de Puerto Rico, recibida en 17 de agosto de 1953.

Carta al Hon. Cecil A. Snyder, de fecha 30 de junio de 1954.

Carta al Hon. Lucas F. Serbiá, de fecha 28 de noviembre de 1958, incluyendo una '*Moción al amparo de las reglas 49.1 y 49.2 de procedimiento civil*', para que éste la radicara en el caso José Cuevas Vélez v. Ramón Ralat Sáez y otros, ante el Tribunal Superior de Puerto Rico, Sala de Ponce.

Carta al Hon. Secretario de Justicia de fecha 19 de febrero de 1959.

Carta al Hon. Director Administrativo de los Tribunales, de fecha 10 de diciembre de 1958.

Carta al Hon. Secretario de Justicia, de fecha 28 de julio de 1959."

El Comisionado Especial se limitó en su informe a indicar que el querellado había radicado y presentado ante el Tribunal Superior y el Tribunal de Distrito, Salas de Ponce, los documentos a que se refieren en el Cuarto Cargo y que redactó y cursó la correspondencia en el Quinto Cargo. Dichas mociones y cartas, resumidas en la forma más breve posible, son las siguientes:

*Exhibit 1*—Moción solicitando inhibición del juez conforme a la Regla 63 de Procedimiento Civil, fechada 20 de febrero de 1959, radicada en el caso de Digna María Colón v. Donato Zayas Pizarro, Civil Núm. CS-58-543.

En síntesis se alega en esta moción que si el Juez hubiera considerado las cuestiones de derecho y de hecho sometidas por el querellado, hubieran variado por completo las órdenes y resoluciones y providencias dictadas en el caso; que el Juez ha amenazado a la demandante de desacato y, además, le niega a la demandante el derecho a vivir una vida tranquila, libre de la intervención del demandado; que una resolución de la corte ha sido dictada en forma tal que ha permitido al demandado hacer lo que le venga en ganas; que el Juez ha echado a un lado las cuestiones de derecho y de hecho que le planteara la demandante e inevitablemente "NOS HA MOSTRADO UN MARCADO PREJUICIO Y PARCIALIDAD." El querellado se ha reafirmado en estas alegaciones, pero no ha aportado evidencia alguna para sostenerlas.

*Exhibit 2*—Moción de reconsideración en incidente de inhibición.

El Juez Administrador del Tribunal Superior, Sala de Ponce, en 26 de marzo de 1959 había denegado la moción de inhibición que es el Exhibit 1 anterior, previa vista al efecto, por la razón de que la imputación de prejuicio y parcialidad es manifiestamente infundada, no encontrándose un solo detalle de las actuaciones del magistrado afectado que sostenga tales imputaciones; ni se presentó prueba en principio o asomo de prueba demostrativa en que entre el mencionado

magistrado y la demandante o su abogado haya ocurrido algún incidente que pudiera desarrollar pasión, prejuicio o parcialidad en las actuaciones del juzgador. Se ordenó al Secretario de la Corte que remitiese copia de dicha moción a este Tribunal Supremo para que tenga conocimiento judicial de las cuestiones planteadas y que, en el ejercicio de su facultad, investigativa y disciplinaria, esté en condiciones de adoptar las medidas que considere apropiadas. A esta resolución el querellado presentó una moción de reconsideración que es el Exhibit 2 del Cargo Número 4. En esta moción el querellado hizo el siguiente comentario: "Siempre hemos creído de que tanto para la Judicatura, como para nosotros mismos, ES MEJOR EVITAR QUE REMEDIAR. Sin embargo S.S. no siguió ese principio y por su manera de conducirse, para con este abogado, pudimos creer que se nos llevaba al terreno de tener que remediar, alejándonos del terreno de tener que evitar." En otra parte de la moción alega el querellado que "El alegar esos hechos, LO LLAMA S.S. 'NO SOSTENIDAS POR LA PRUEBA, y le aplica el innuendo de ser falsas. Como abogado postulante, voy a olvidar dicho innuendo y a PERDONAR COMO LO HIZO CRISTO." Termina la moción con la alegación número 12 en que al hacer referencia a la disposición de la resolución antes mencionada de que la misma se refiera a este Tribunal Supremo, procede el querellado a hacerle una serie de cargos al Juez Administrador que dictó dicha resolución, de que hace suspensiones de vistas por teléfono, de que no hay razón para que los miembros de un jurado tengan que permanecer en Sala para casos que han de comenzar a las 5 de la tarde, cosa que ocasiona gastos a El Pueblo y enojo a los mismos miembros; que no hay razón para hacer trabajar a los taquígrafos por el día y por la noche; que no hay razón para que un caso sea suspendido porque se van a usar los servicios de un Senador; que existe descontento entre los abogados porque se les cita para las nueve de la mañana para algún incidente habiendo

un juicio por jurado; que el Juez Administrador no le ha informado a la Administración de los Tribunales del trato que reciben los empleados los cuales se encuentran disgustados por la disciplina estilo militar establecida y, por último que en muchas ocasiones el Juez Administrador, sabiendo que es humanamente imposible, ha señalado para ante un mismo juez, tres casos contenciosos y otros ex-parte, obligando con ello a los abogados a perder todo el día en el tribunal, sin que sus casos sean llamados y, si lo son, suspendidos.

*Exhibit 3*—Moción al amparo de la Ley 11 de marzo de 1915 para seguir litigando como insolvente, de fecha 14 de agosto de 1959.

Esta es una moción dirigida al Juez Administrador del Tribunal Superior, Sala de Ponce, en un caso que está bajo la consideración de otro Juez, y en la cual se dice que este último había denegado una petición sobre insolvencia porque el querellado había dicho que no insistiría en tal petición porque se había puesto de acuerdo con el taquígrafo en cuanto a pagarle sus honorarios. En la moción en cuestión se alega que "ESTÁ MUY EQUIVOCADO EL JUEZ, HON. RAMÓN A. GADEA PICÓ, y que esa equivocación se debe a la costumbre, consuetudinaria de dicho juez, de discutir con los abogados y alejarse de la verdadera controversia o materia envuelta." Y añade, "este abogado, tiene que lamentar, muy hondamente, el que, por haberse alejado de su decisión de muchos años, de no postular ante el HONORABLE JUEZ, RAMÓN A. GADEA PICÓ, postulando nuevamente, reciba resoluciones que en forma alguna están sostenidas por la prueba y los hechos." Alega el querellado, además, que su moción solicitando permiso para seguir litigando como insolvente fue jurada ante el Secretario del Tribunal por lo que la moción encaja por completo dentro del procedimiento de la Ley de 11 de marzo de 1915 y que "Y dicha ley (de 11 de marzo de 1915), por su Resolución, aparece ser enmendada por el Juez, Hon. Ramón A. Gadea Picó, ya que no consideró el

mencionado juramento ni consideró LA PRUEBA, según lo demostrara el récord taquigráfico de la vista . . ."

*Exhibit 4*—Moción solicitando orden para que el Juez Ramón A. Gadea Picó se inhiba en el caso de *González* v. *Insular Labor Association.*

Alega el querellado en esta moción que aceptó ver la conferencia con antelación al juicio ante el Juez Gadea Picó debido a la presión del demandante y con confianza absoluta de haberse operado un cambio en el mencionado Juez, pero "que con infinito pesar . . . encontró . . . que no se había operado cambio alguno en la conducta de dicho juez y, muy por el contrario, encontró un marcado gesto de enojo de dicho juez que le hizo temer muy mucho al abogado que suscribe por su seguridad personal, ya que permite el que este abogado sea humillado y faltado en su respeto en su presencia de él." Que en presencia de dicho juez se le faltó el respeto a la Subsecretaria del Tribunal llamándosele "EMBUSTERA", permitiendo el Juez que dicho insulto prevaleciera; que en infinidad de casos para evitar estas enojosas situaciones el querellado le había suplicado al Juez en cuestión que evitara una posposición de este caso y el Juez se lo había prometido.

*Exhibit 5*—Moción en el caso de *Vázquez* v. *Schmidt*, para que se dicte sentencia de acuerdo con lo estipulado por las partes.

En esta moción se queja el querellado de que se dictó sentencia contraria a una estipulación y que el querellado radicó una moción para que la sentencia se dictara conforme con la mencionada estipulación y que esto no se ha hecho. Por último, que el querellado tiene más que razón para creer que la actitud asumida por el Tribunal es por ser el querellado de pocas simpatías para el Juez Gadea Picó que dictó la mencionada sentencia.

*Exhibit 6*—En el caso de *Hernández* v. *Vélez Morales*, moción solicitando del Hon. Tribunal dicte sentencia sumariamente.

Se alega en esta moción que la acción fue radicada en 20 de junio de 1952 y el caso quedó sometido en enero de 1953 y que a pesar de las nuevas reglas para que los casos sean resueltos con prontitud y de no haber justificación alguna para que se haya dilatado cuatro meses, el tribunal no ha resuelto, alegándose, además, que: "resulta MUY RARO el que los casos del abogado del demandante sean siempre dilatados cuando quedan sometidos a la consideración del Hon. Juez Ramón A. Gadea Picó."

*Exhibit 7*—Este Exhibit es una solicitud al Juez Administrador del Tribunal Superior, Sala de Ponce, para que en los casos en que el querellado comparezca se disponga para su vista o discusión ante cualquier otro Juez que no sea el Juez Gadea Picó porque el querellado ha tenido fricciones con dicho juez debido a que le ha llamado la atención hacia el hecho de que muchos de esos casos se han traspapelado y en otros ha tenido que recurrir ante el Supremo por medio de recursos de mandamus para que los mismos sean resueltos lo que "ha ocasionado una intranquilidad en este abogado que difícilmente le permite la tranquilidad necesaria para una buena defensa a los intereses de sus clientes confiádoles." Y, por último, que el querellado "ha tenido que agotar toda la esperanza de que los caos [*sic*] motivo de dichas mociones fueran resueltos."

*Exhibit 8*—Es una moción en el caso de *González* v. *Insular Labor Association, etc.*, en que el querellado se queja de que se convino una transacción en marzo 26 de 1956 y que en abril 18 de ese año el querellado pidió sentencia a base de dicha transacción sin que a la fecha de la moción que es de 21 de mayo de ese mismo año, se haya dictado tal sentencia añadiendo el querellado, "EN VIRTUD DE LO CUAL, por EL AMOR A DIOS, este demandante, suplica al Tribunal, dicte la sentencia mencionada, . . ."

*Exhibit 9*—Moción sometiendo certificación de matrimonio suplicando sentencia perentoria en el caso de *Martínez* v. *Alvarado*.

En esta moción el querellado se queja de las dilaciones y errores que se sufren en conseguir certificaciones de matrimonio del Registro Demográfico y añade: "Que en 11 de octubre último pedimos se dejara sin efecto la Resolución del Hon. Juez Velázquez Rivera y a nuestra Petición, este Hon. Tribunal resolvió 'NO HA LUGAR', demostrándose una vez más, LO DIFICULTOSO QUE SE LE HACE, A LOS ABOGADOS, EL TRABAJAR aun en casos simples como el presente."

*Exhibit 10*—Este es un escrito titulado "ANÍBAL PADILLA, Querellante v. RAMÓN A. GADEA PICÓ, Querellado."

En este escrito el querellante, aquí querellado, se queja de que no se ha resuelto una moción sobre alimento *pendente lite* en el caso, a pesar de haber sido señalada para vista y estar presente el promovente con su prueba, habiendo sometido entonces el Lic. Padilla la cuestión si procedía o no la suspensión de la vista que dio motivo a que el Juez se reservara el fallo que luego lo dio en forma no satisfactoria para el querellante. Alega, además, el querellado en este escrito:

"11.—Que desde el año de 1948 este querellante ha encontrado, al postular delante del querellado, que dicho querellado ha interpuesto enormes y persistentes obstáculos a este querellante, para que su práctica, la de este querellante, pueda tener la libertad y seguridad de conseguir la justicia debida a los por este querellante representados."

"12.—Que el aquí querellado siempre ha actuado movido por pasión, prejuicio y parcialidad contra este querellante a tal extremo de que infinidad de clientes de éste han tenido que buscar los servicios y representación de otros abogados; y los que han permanecido leales a este querellante, han tenido que esperar muchos años, sin que sus casos sean resueltos, todo ello, haciendo de que este querellante haya tenido que radicar varios recursos de 'mandamus' para que el querellado resuelva cuestiones y casos ante él, el querellado sometidos."

"13.—Que hace como tres años, este querellante, escribió al querellado suplicándole no interviniera en los casos donde este querellante comparecía como abogado, resultando inútil dicha súplica, y muy por el contrario, aumentando el rencor del querellado para con este querellante."

"14.—Que este querellante tiene información y conocimiento, los que le obligan a creerlo como ciertos, de que el querellado se ha hecho de un grupo de abogados, favoritos para él—el querellado—grupo que resulta favorecido para conseguir una justicia rápida y económica para los clientes del grupo de favorecidos y en perjuicio de los clientes de los abogados, y abogados, que no gozan el favor del querellado."

"16.—Que la actitud del querellado no es única para con este querellante, si que también, se extiende a otros abogados, todo ello ocasionando un disgusto y malestar entre la clase togada de Ponce, todo en perjuicio de la Administración de Justicia, confiada al querellado."

"17.—Que por más de cuatro años, este querellante, ha tenido que interponer costosas apelaciones, recursos de revisión y muchas veces abandonar toda defensa, por la apasionada, prejuiciada y parcial actitud del querellado para con este querellante."

"18.—Que dicha pasión, prejuicio y parcialidad ha ido continuamente en aumento en contra de este querellado, hasta el extremo de que este querellante, al concurrir a la corte, en su misión de abogado, teme muy mucho, por los intereses de sus representados y hasta de su libertad personal y profesional—la del querellante."

"19.—Que todo ello demuestra la incapacidad del querellado para ocupar la posición de Juez y Árbitro."

"20.—Que esta querella no tiene otro propósito que el de lograr que el querellado se inhiba en todos los casos en que este querellante tenga que comparecer ante el Tribunal Superior de Puerto Rico, Sala de Ponce."

*Exhibit 11*—Este es una carta dirigida al Gobernador de Puerto Rico por el querellado en la que se queja de dilaciones en la tramitación de casos en el Tribunal Superior, Sala de Ponce, e informando que tiene la convicción de que el Juez Gadea Picó siempre ha actuado dominado por un rencor para con el querellado, "que ha tenido el valor de llamarle la atención, al Juez Gadea Picó, de su incapacidad de él, para actuar como juez, mientras actúe con estos prejuicios, pasión e influenciado por intereses y razones extrañas." Y añadiendo que "Mal puede un pueblo ser ordenado

cuando pierde su fe en los tribunales. La conducta del Juez Gadea Picó ha hecho de que El Pueblo mire con recelo la Administración de la Justicia cuando está en manos de dicho juez." Termina la carta solicitando que el Gobernador ordene una investigación de estos hechos y que si fueren probados se ordene la remoción del Juez Gadea Picó del Tribunal. La Oficina del Gobernador refirió este asunto a la Oficina de la Administración de los Tribunales al día siguiente de recibida la querella.

*Exhibit 12*—Este es una carta dirigida por el querellado "Al Hon. Juez Presidente Director Administrativo de Tribunales", en la cual se queja de las dilaciones de la Sala de Ponce del Tribunal Superior, de lo cual se quejó a la Administración de los Tribunales y nada se ha hecho; luego se quejó al Secretario de Justicia de una sentencia dictada por el Juez Ruiz Somohano que no estaba sostenida por los hechos y cuestiones de derecho y que dicha querella fue referida al Juez Presidente sin comentarios y hasta el día de hoy nada ha sabido el querellado de dicha querella. Solicita el querellado en esta comunicación "que se nombre un juez, cualquiera que sea, pero no de los que ya han intervenido en ambos casos, para que, por la prueba obrante en los autos, se dicte la sentencia única que debe dictarse, y es: UNA A FAVOR DEL DEMANDANTE JOSÉ CUEVAS VELES [sic]."

*Exhibit 13*—Este es una carta de noviembre 28 de 1958 al "Administrador Ejecutivo, Administración de Tribunales, Tribunal Supremo de Puerto Rico", en virtud de la cual se le envía una moción en el caso de *Cuevas Vélez* v. *Ralat*, radicado en el Tribunal Superior, Sala de Ponce, porque el Juez Ruiz Somohano está ausente de Ponce, en el sentido de que se la haga llegar a dicho Juez suplicándole que retenga copia de la misma en su Oficina para que en caso de necesidad aparezca en ulteriores procedimientos.

"Por el contenido de la misma moción verá usted que la situación resulta desesperante tanto para mi cliente como para mí, ya que un remedio que según las Reglas, en caso de opo-

nerse los demandados, debió ser concedido dentro de TRES DÍAS de la notificación por escrito. Verá también como el Tribunal, por los tecnicismos de las partes demandadas, permitió ser desviado del debido procedimiento establecido en las Reglas; llegándose hasta el extremo de que, lo resuelto por un juez, del mismo tribunal, fue anulado por el otro."

La moción más bien parece una moción de reconsideración de sentencia alegando que lo resuelto ya había sido resuelto dos veces por otro juez. Con respecto a una de las partes de la sentencia informa el querellado en esta moción que "Esto resuelve el Tribunal por su Hon. Héctor Ruiz Somohano, y francamente, se nos hace imposible creer, de que en las Cortes del Estado Libre Asociado, en cortes americanas, se resuelvan casos, en la forma que se resuelve éste."

En el párrafo (g) de la moción se alega que "En la mencionada sentencia, el Hon. Héctor Ruiz Somohano nos viene con la relación de HECHOS PROBADOS, CONCLUSIONES DE DERECHOS Y SENTENCIA. Cualesquiera abogados, que no sean los representantes de los demandados beneficiados por tal llamada sentencia, que conozca o conozcan las disposiciones de las Reglas de Enjuiciamiento Civil, especialmente la Regla 34(b), hoy la 31.2 de Procedimiento Civil, reconocerá de que, esa sentencia, en forma alguna, cumple con las disposiciones de las reglas mencionadas."

Más adelante alega el querellado en esta moción que "Por dos años hemos hemos [sic] estado pidiendo a la Hon. Sala de Ponce, del Tribunal Superior, ESE AUXILIO que dispone nuestro Tribunal Supremo en el caso de *Rodríguez* v. *Star Fruit*, supra. Y por DOS AÑOS, la Sala de Ponce, del Tribunal Superior, no solamente ha sido sorda, si que, yendo más lejos, HA NEGADO EL REMEDIO A QUE TIENE DERECHO ESTE DEMANDANTE. Una vez tras otra, el Tribunal ha aparecido, marcadamente, buscando los tecnicismos y solamente oyendo a la parte demandada, para negar ese remedio."

" . . . . 1.—Que la llamada sentencia dictada por el Hon. Héctor Ruiz Somohano, no solamente es un desvío de los procedimientos señalados para una acción en deslinde, si que además es una marcada tendencia, del Tribunal, para no conceder el remedio rápido, económico y justo a que tiene derecho el demandante. 2.—Que en dicha sentencia existe error de procedimiento, inadvertencia de la cuestión envuelta (in issue), y que la misma es una SORPRESA, en una acción de deslinde, existiendo, por parte del Juez, una negligencia crasa, al no ver las disposiciones o resolucioens, del Hon. Miguel A. Velázquez Rivera."

*Exhibit 14.*—Se trata de una carta dirigida al Secretario de Justicia, por correo certificado, por el querellado, en la que vuelve a quejarse de la sentencia dictada por el Juez Ruiz Somohano, de la cual se hace referencia en el Exhibit anterior.

"Por fin, antes de irse de Ponce, el Juez Héctor Ruiz Somohano, alejándose de todo el procedimiento señalado por las Reglas y Código de Enjuiciamiento Civil y revocando resoluciones de otros jueces, dictó una sentencia, la cual, deja muy claro, no sólo la incompetencia del magistrado, sino un marcado prejuicio y apasionada conducta, en resolver la cuestión que ante él, como Juez, se le sometiera."

"Quisimos agotar y agotamos todos los remedios a nuestro alcance, dentro del Procedimiento, para que el referido Juez, que se había ausentado de Ponce, cumpliera con el juramento que prestara, haciendo justicia a las partes según era su deber. Por eso, nuestra moción fue dirigida a él, por mediación de la Administración de Tribunales."

"Pero hay la desgracia en Puerto Rico de que, a pesar de la Administración de Tribunales conocer y tener pruebas de como se administra la Justicia, en Ponce, por el hecho de ser un juez, aunque dicho juez actúe PERVERSAMENTE, impunemente, puede seguir cometiendo INJUSTICIAS, so color de usar su discreción judicial."

" .        .        .        .        .        .        .        .

"El Juez Héctor Ruiz Somohano, a sabiendas que no debía hacerlo, se adentró en un camo [*sic*] que le estaba vedado, por

ser resoluciones dictadas por otros jueces, revocó las mismas y creó un procedimiento IMPROPIO, para resolver a su manera y dejar satisfecho su gusto."

"Pedimos una investigación de todo ello a la Administración de Tribunales, pero ésta, hasta hoy, no ha contestado nuestra súplica ni ha expuesto motivos para negar o no ordenar dicha investigación. Y yo sé la razón: La administración de los tribunales, en Ponce es una desgracia. Se complacen a los políticos con nombramientos, pero cumplir con el deber, eso, no se encuentra en ninguna sala del Tribunal de Primera Instancia, en Ponce."

*Exhibit 15*—El Exhibit 15 es una carta dirigida al Director Administrativo de los Tribunales. En la misma se hace referencia a dos mociones en los casos de *Cuevas Vélez* v. *Ramón Ralat y Pizá, Inc.* v. *Velázquez*, que el querellado le envió al Lic. Serbiá para que se las hiciera llegar a los Jueces Ruiz Somohano y Martínez Ramírez y que el Lic. Serbiá le devolvió. En ella dice: "Y es obvio, que en estos dos casos, en el primero mencionado, el Hon. Héctor Ruiz Somohano se alejó de las Reglas de Procedimiento y además, hay un marcado propósito de no encontrar la verdad. En el segundo, NO ES POSIBLE, que al amparo de un tribunal, en Puerto Rico, una parte se apropie de un dinero depositado por el valor de una prenda y que ese tribunal no ordene la entrega de la prenda."

"Ahora, soy yo, quien invito a usted que preste atención a la Sección 7 del Artículo V de la Constitución del Estado Libre Asociado por la cual, la buena administración de justicia y de los tribunales por la misma Constitución ha sido puesta en manos de usted. Y apareciendo ese caos administrativo, donde los jueces son cambiados como si fueran fichas de ajedrez y donde solamente se le exige que resuelvan casos, sin la exigencia de una justicia sustancial, no hay que dudar de que, cuando no se sabe donde está un juez y ese conocimiento lo tiene solamente esa oficina, todo ciudadano tiene derecho a hacer lo que yo hice, enviarle a usted, dichas dos mociones."

*Exhibit 16*—Es una carta dirigida por el querellado al Secretario de Justicia. En esa carta el querellado informa lo siguiente:

"Impedido de conseguir justicia para mi cliente, el señor Cuevas Vélez, es natural de que él me escribiera la carta cuyo original acompaño" (pidiéndole que le entregue los papeles de su caso, debido al incidente del revólver) "para que V.H. pueda tener una clara idea de cómo se está administrando la justicia en Puerto Rico y cómo afecta esa situación a los abogados que no tenemos padrinos en el Gobierno."

Termina la carta suplicando al Secretario de Justicia que logre del Juez Presidente del Tribunal Supremo envíe un Fiscal Especial para que en definitiva pueda juzgar los derechos del cliente del querellado.

*Exhibit 17*—Consiste en la transcripción de un incidente en el caso de *Cuevas* v. *Ralat*. Se trata del incidente en que el querellado objetaba se hicieren preguntas al testigo y al informarle el Juez que lo que trataba era aclarar para evitar preguntas innecesarias, el querellado contestó que el Juez estaba induciendo al testigo a perjurio. El Juez observó que estaba incurriendo en un desacato, terminando el incidente con la observación del querellado que él seguía su caso y que el Juez podía tomar las medidas, "que hay un Tribunal Supremo para juzgarnos a los dos."

*Exhibits 18, 19, 20 y 21*—(18) y (19) Consisten de dos recibos por honorarios de abogado. (20) Carta del querellado a su cliente. (21) Carta al Juez Presidente del Tribunal Supremo solicitando una cita para explicarle la situación de un cliente del querellado en relación con la conducta de la Sala de Ponce del Tribunal Superior. Esta solicitud de cita aparece escrita en maquinilla al dorso de un modelo de carta sobre otro particular.

*Exhibit 22*—Esta es una moción en el caso de *Cuevas* v. *Ralat* por virtud de la cual el demandante y su hijo informan al Tribunal Superior, Sala de Ponce, que han radicado querella ante el Departamento de Justicia contra el que-

rellado y solicitan que el Tribunal disponga de una vez y para siempre que el querellado no continúe representando a los comparecientes.

*Exhibit 23*—Esta es una moción eliminatoria en el caso de *Pastor Orta* v. *Cardona,* solicitando que en una demanda radicada por el querellado se elimine, por considerarse inmaterial e impertinente y por difamatoria y escandalosa la siguiente alegación:

"Que dicha orden y mandamiento del desahucio, lo entregó el aquí demandado Pedro Antonio Cardona, al alguacil auxiliar Munet, a sabiendas de que dicho documento tenía que ser entregado al alguacil señor Godoy, hecho que hizo a sabiendas de que las órdenes dictadas por el Juez Dávila Ortiz nunca llegan directamente al señor Godoy por existir enojo entre estos dos funcionarios, ANORMALIDAD que explotó el aquí demandado para lograr que el alguacil auxiliar Munet se trasladara a Adjuntas, para lanzar de la casa, a la hermana antes mencionada." "(Mayúsculas del demandante.)"

*Exhibit 24*—Es la resolución de la Corte a la moción relacionada con el Exhibit 23. Por esta resolución se ordena la eliminación de la alegación a que se refiere la referida moción, a la causa de acción ejercida.

*Exhibit 25*—Es la resolución del Tribunal Superior, Sala de Ponce, declarando sin lugar la moción del querellado que se relaciona en el Exhibit 3 anterior porque no se ajusta al procedimiento señalado por la ley.

*Exhibit 26*—Moción en el caso de *Buencristiano* v. *Torres.* Se alega en esta moción que habiendo señalado una vez el caso para las nueve de la mañana compareció la parte demandada representada por el querellado, pero no así el abogado de la otra parte y que el Juez Gadea Picó llamó a este último abogado por teléfono lo que se alega en la moción que no era correcto. Y añade, "cosa que aparece olvidando el Juez, por tener, según pudimos comprender, gran preocupación política partidista, a favor del BILL FERNÓS Y EL ESTADO LIBRE ASOCIADO, preocupación que le acompaña, de

día y de noche, y hasta el mismo momento en que comparece a sala, SI ES QUE COMPARECE: pues el día 11 de julio, la vista celebrada a las tres de la tarde, después de llamarse por teléfono a la Lcda. Inés Acevedo de Campos, LO QUE EN FORMA ALGUNA PUEDE LLAMARSE VISTA y sí una oportunidad de oír a la Lcda. Inés Acevedo, fue celebrada en cámara u oficina del Juez, Hon. Ramón A. Gadea Picó."

Solicita el querellado en esta moción se repita la vista de todas las cuestiones pendientes, "DEJADAS POR RESOLVER, por el Hon. Ramón A. Gadea Picó . . ."

*Exhibit 27*—Moción solicitando nuevo juicio o que se deje sin efecto la sentencia dictada en el caso de *Sepúlveda* v. *Vélez*. Se alega en esta moción que "la sentencia dictada en este caso, por el Hon. Juez Ramón A. Gadea Picó ha sido el producto de un enojo, rencor y enemistad de dicho juez para con el abogado de este demandante." Que ese enojo, rencor y enemistad del mencionado Juez para con el abogado del demandante es el resultado del abogado del demandante haber presentado mociones para que dicho Juez se inhibiera a lo que éste se negó; moción para que dicho Juez resolviera sobre mociones de desestimación, lo que no hizo; varios recursos de mandamus, apelaciones, y una querella y en otros casos llevados por el abogado Padilla contra el mencionado Juez Gadea Picó; e infinidad de incidentes personales entre dicho abogado y el referido juez. Se alega en esta moción que la reacción demostrada por el Juez hacia el abogado Padilla ha hecho imposible que, en este caso, se haya celebrado un juicio imparcial, con innumerables irregularidades en los procedimientos, consistiendo estas irregularidades en dejar sin efecto una rebeldía anotada y, por consiguiente, no dictar sentencia contra los demandados, "que, por la prueba documental Y LA MISMA REBELDÍA, resultaban los únicos responsables de todos los gastos, honorarios de abogado y costas en el litigio." y "Porque de la misma faz de la demanda y la prueba documental admitida, resultaba que el demandado había tomado posesión de parte de

la propiedad comprada por el demandante, todo ello demostrando que sobre esta causa de acción no podía haber prescripción . . . "

*Exhibit 28*—Este Exhibit consiste de la resolución del Juez Gadea Picó en el caso de *Sepúlveda* v. *Mercado,* en relación con la moción referida en el Exhibit anterior. Por esta resolución se declara sin lugar la moción mencionada por haberse radicado fuera de término, señalando el Juez que si se consideraba que la sentencia está basada en una errónea apreciación de la prueba por abuso de discreción al desestimar, lo que procede es gestionar la revisión del caso ante el Tribunal Supremo. En el último párrafo de esta resolución el Juez declara: " . . . del modo más solemne y enfático, que el Juez que provee jamás ha tenido incidente personal alguno con el abogado de la parte demandante, Lic. Aníbal Padilla, y que hacia dicho abogado este Juez no tiene predisposición alguna y mucho menos enojo, rencor o enemistad, habiéndole extendido a dicho abogado como a todos los que han postulado ante este Tribunal y sala del Juez que provee, la más cordial cooperación en todos los asuntos en que ha entendido como Juez durante el transcurso de cerca de 13 años."

*Exhibit 29*—Se trata de una Moción de Oposición y Sometimiento por los Méritos en el caso de *Buencristiano* v. *Franceschi.* Se alega en esta moción que se opone a cualquier procedimiento en este caso que no sea el de dictar sentencia por haber quedado el caso sometido. Alega también que la vista de este caso se ha pospuesto en repetidas ocasiones y que por fin se fijó para septiembre 7, 1956. Informa el Tribunal a las partes " . . . 'que en esa fecha se procederá a dicha vista independientemente si el Lic. José N. Dapena comparece o no.' " Que dos días antes el Lic. Dapena volvió a gestionar la suspensión de este caso y que el 7 se llamó el caso no compareciendo el Lic. Dapena y el mismo quedó sometido. A continuación las alegaciones 8 y 10 de la Moción antes mencionada:

"8. Que ahora dice el ilustre abogado del demandado, Hon. Alcalde José N. Dapena Laguna, de 'Que habiendo dado comienzo la prueba del demandado, este abogado descansó *'equivocadamente en la comprensión y compañerismo del Lic. Aníbal Padilla.* (Subrayado nuestro), y ante estas INJUSTAS manifestaciones, el abogado de la demandante, que suscribe, le dice al Hon. José N. Dapena Laguna, de que él conoce muy bien a este abogado y por lo mismo que nunca ha gozado de favores ni simpatías al postular ante los tribunales, ha sufrido, EQUIVOCADAMENTE, la comprensión de muchos compañeros, y en forma NEGATIVA, especialmente del Hon. José N. Dapena Laguna."

"10. Que toda la moción que ahora presenta el demandado, no aduce méritos para reconsiderar la resolución de este Hon. Tribunal; ya que 'POR PURA ÉTICA PROFESIONAL, resulta que 'LA SITUACIÓN ES ANÓMALA', principalmente, cuando el Hon. José N. Dapena Laguna SIGUE SIENDO ABOGADO DEL DEMANDADO y continuará siendo alcalde de Ponce, hasta que tome posesión del puesto, su sucesor."

*Exhibit 30*—Se trata de una carta de junio 24 de 1957 dirigida por el querellado al Administrador de los Tribunales con respecto al Juez Mangual, de la Sala de Ponce del Tribunal de Distrito. Se incluye con esta carta una moción aclaratoria en el caso de *Portigo* v. *Zayas* solicitando que intervenga en favor de dicho Juez para que no se permita tolerar o seguir tolerando que los tribunales para algunos abogados sean tomados como sitios para enmendar las leyes, cosa que los procedimientos se siguen al capricho y la voluntad de ellos y las sentencias producto de la voluntad de una de las partes.

Se alega en esta moción que en una acción de desahucio se radicó una excepción previa privilegiada y se indica que al Juez se le quiere hacer fracasar en su trabajo porque el deber del demandado era alegar en primera comparecencia sus defensas y, aunque falsamente se le dice que al querellado se le envió copia de la privilegiada excepción no ha llegado al poder de éste. Y, por último se alega que cuando la conducta de una parte o de su abogado dilata los procedi-

mientos especiales en casos de desahucio, ". . . que por su naturaleza es una acción extraordinaria, el Tribunal, aunque el Juez sea joven, DEBE HACERSE RESPETAR y la parte, o su abogado, aunque sea, como en este caso, joven también, DEBE SER DISCIPLINADO, EL ABOGADO Y LA PARTE PENALIZADA CON EL PAGO DE UNA SUMA DE DINERO, para pago de los honorarios de la otra parte."

*Exhibit 31*—Es el expediente personal del Lic. Aníbal Padilla que radica en este Tribunal Supremo.

*Exhibit 32*—Este Exhibit es copia de la sentencia en el caso de *Cuevas* v. *Ralat*, dictada por el Juez Ruiz Somohano. En este caso se trata de una finca que Cuevas Vélez compró con una cabida de 122 y pico de metros, compra que fue debidamente inscrita y que luego de medirse arrojó un área superficial de 61 y pico de cuerdas. Es una acción de deslinde en el que el agrimensor no pudo medir una colindancia por no haber obtenido el consentimiento de los dueños colindantes que se alegan son unos fideicomisarios menores de edad y un mayor de edad.

Se llegó a la conclusión que la acción de deslinde debe desestimarse en cuanto a los codemandados Ramón Ralat y Ramona Pérez porque estas personas no son colindantes o poseedores de terreno colindantes o contiguos con la finca del demandante. La corte llegó a la conclusión que debe prosperar el planteamiento por no haberse incluido en la acción al fiduciario que posee el título y posesión de los terrenos por la colindancia norte y que no ha sido incluido como parte demandada en este caso.

*Exhibit 34*—Se trata de una carta dirigida por el querellado al Gobernador en 6 de agosto de 1956, acompañándole copia de una moción en el caso de desahucio de *Portigo* v. *Zayas*, en el Tribunal de Distrito de Puerto Rico, Sala de Ponce. En dicha carta se informa que:

"El Juez cuya resolución pedimos se reconsidere, es un joven que por ser de Sabana Grande, ya, está presidiendo una sala

en esta ciudad, y esto no es una coincidencia, ya que del Distrito de Mayagüez han salido todos aquellos que en forma inusitada, han progresado en la judicatura. El Márshal nombrado en la moción, del que en otra ocasión el Procurador General dijo que había usado unas prácticas que desdicen mucho de la administración de justicia, también es de San Germán."

"Don Luis, se que el ejecutivo no puede intervenir en lo judicial dentro de nuestro sistema democrático. Pero al informarle lo presente, solamente me guía, el deseo de que la democracia, en su gobierno sea una realidad."

En la moción se alega que la primera comparecencia en este caso se citó para el 3 de agosto de 1956 y la parte demandada no compareció porque se le pidió al demandante "el que pasara su prueba. Y NO HAY NADA, EN EL CÓDIGO QUE PERMITA ESTA ACCIÓN DEL TRIBUNAL"; que cuando el demandante "pasaba su prueba, el Márshal se ausentó para ir a buscar al Lic. Héctor Lugo Bougal para que compareciera por el demandado y TAL ACTITUD DEL MÁRSHAL no debe ser tolerada por el Tribunal ya que la misma desdice de la administración de justicia." Que el Tribunal se negó a dictar sentencia después de "pasarse la prueba" porque copia de la demanda no había sido enviada a la Oficina de Inquilinato cuando en la misma demanda se hace constar que copia de dicha demanda fue enviada a la mencionada oficina. Que al terminarse la vista se presentó el Lic. Héctor Lugo Bougal y logró que el Tribunal reabriera la vista; que el Tribunal abusó de su discreción al reabrir el caso; "YA QUE EL DEMANDADO NO HABÍA COMPARECIDO, NI HA COMPARECIDO HASTA HOY, POR ESCRITO, CONTESTANDO LA DEMANDA Y POR LO TANTO, NO SE HAN CANCELADO LOS DEBIDOS SELLOS DE RENTAS INTERNAS EN PAGO DEL ARANCEL, *hasta el día de hoy*." Que el Tribunal lo que hizo, sin derecho a ello, fue consolidar las dos comparecencias y que por lo tanto "PROCEDE QUE SE DICTE SENTENCIA SIN MÁS OÍR NI CITAR AL DEMANDADO."

*Exhibit 35*—Este es una Información de Dominio en el caso de *Costas Ferrer* v. *Costas Purcell* en el que se radicó

por el querellado una moción solicitando se desestimara una moción llamada Demanda de Intervención. Se alega en esta moción que la demanda de intervención debe ser desestimada por negligencia de la interventora, pues esta acción fue iniciada en el 1955 y la llamada interventora solicitó permiso para intervenir en abril de 1960. Que existe un caso radicado en el Tribunal Superior, Sala de Expropiaciones, donde la interventora " . . . *sorprendió* al Tribunal, *logrando retirar* de dicha Sala, EN FORMA TORTICERA 4/5 partes de una suma de dinero; y convencida la Hon. Sala de Expropiaciones, del Tribunal Superior, de dicha conducta, ORDENÓ A LA AQUÍ COMPARECIENTE, la *reposición* del dinero sustraído, . . . por lo que la llamada Demanda de Intervención, radicada ante esta Hon. Sala de Ponce, hace creer al aquí compareciente . . . en que lo que se pretende, es obviar dicha orden de reposición a espaldas y fuera de la Hon. Sala de Expropiaciones. . ."

## SEXTO CARGO

■ "El querellado, Aníbal Padilla, en fecha 22 de julio de 1959, en ocasión en que se tomaba una disposición al testigo Miguel Salicetti, ante el Hon. Juez Ramón A. Gadea Picó, lo imputó a dicho magistrado, falsamente y sin tener base o fundamento alguno para ello, estar induciendo a perjurio al mencionado testigo deponente, Miguel Salicetti."

El Comisionado Especial comprobó los hechos en que se basa este cargo. Véase a estos efectos el Exhibit 17 que consiste de la transcripción del récord del incidente que motiva este cargo y que se relaciona previamente.

Tanto en su contestación, como en el Exhibit 33 que es una declaración jurada del querellado, éste alegó en cuanto al primer cargo, que el Dr. Cuevas le insistió que le entregara los autos para consultar con otro abogado a lo que el querellado le contestó que no porque eso era inconcebible y antiético y lo humillaba, pero que no tenía inconveniente

que se uniera otro abogado en el caso; que tuvo que pedirle a Cuevas y a su hijo que se fueran porque este último se violentó. Negó que hubiera usado el revólver.

En cuanto al tercer cargo con respecto al incidente ocurrido con el Lic. Álvarez Leandri, informa el querellado que le pidió que se fuera de la oficina porque insistía en discutir un caso a espaldas del cliente del querellado. En cuanto a las distintas mociones y correspondencia que motivan el cuarto y el quinto cargo, alegó el querellado que habían sido cursadas de buena fe, dirigidas a los tribunales competentes y organismos aptos para resolver y dictaminar lo que procediese; que no fueron hechas con el fin de ser divulgadas o hacerse públicas; que fueron hechas de buena fe, y las manifestaciones que contenían reflejaban la verdad respecto a los hechos en ellas alegados; que el querellado tiene el derecho constitucional de expresar sus quejas ante los tribunales y otros organismos con el fin de recabar la verdadera justicia para sus clientes; que honestamente expresó la verdad de sus referidas mociones y correspondencia, siendo todo lo alegado de pertinencia e importancia, con el fin de obtenerse el remedio que procediese.

En cuanto al sexto cargo alegó el querellado que en el curso de una vista en que se tomaba deposición a un testigo, el querellado, de buena fe, objetó una pregunta dirigida por el tribunal al testigo, fundamentando su oposición y argumentando sobre las consecuencias de dicha pregunta. El querellado, sin embargo, no ofreció prueba alguna que sostuviera las imputaciones vertidas por él en tales mociones y escritos e incidentes.

Tanto el Secretario de Justicia como la representación del querellado radicaron extensos alegatos en apoyo de sus respectivas contenciones.

▪ Por razón y naturaleza de su profesión, el abogado viene obligado a conducirse en todo momento en forma tal que no menoscabe ni empañe la confianza que necesariamente

se deposita en él, mediante la realización de actos tan extraños y ajenos al ejercicio de su profesión como lo es el despliegue de un arma de fuego con ánimo de usarla durante la discusión de un asunto con un cliente. El abogado es un funcionario del Tribunal General de Justicia de Puerto Rico y como tal debe dar el ejemplo de buena ciudadanía, de cultura y de tacto, ya que viene obligado a considerar, defender y a hacer efectivos los derechos y obligaciones de otras personas. El ejercicio de su profesión es parte esencial de la función básica de impartir justicia en toda comunidad civilizada, de orden democrático, y bajo el imperio de la ley. Por lo tanto, el acto de tomar un revólver, apuntarle a sus clientes y bajo tal amenaza expulsarles de su oficina, como se especifica en el primer cargo, y se probó, constituye conducta impropia, reprensible, e inmoral, que se agrava en sumo grado cuando es ejercida por un abogado en sus relaciones con sus clientes a quienes les debe respeto y comprensión. También constituye conducta reprensible, e impropia por parte del querellado la que motiva los dos cargos subsiguientes.

Las distintas mociones y escritos que dan base al cuarto cargo constituyen una grave falta de respeto hacia varios magistrados del Tribunal Superior y del Tribunal de Distrito de Puerto Rico, particularmente aquéllas en que se formulan imputaciones inciertas y en que se usa lenguaje impropio y ofensivo. En casos como éste es posible que medidas efectivas oportunamente tomadas por los magistrados que vean los casos en primera instancia logren evitar la creación del clima que dio lugar a, o que corrija a tiempo, una línea de conducta improcedente por parte de un abogado como la que se desprende de los distintos escritos y mociones en cuestión.

La correspondencia que sirve de base al quinto cargo revela una conducta impropia y reñida con los principios de la ética profesional al pretender el querellado justicia para

sus clientes por medio de gestiones fuera del ámbito judicial que redundan en el ejercicio de presión sobre la judicatura extrañas a los méritos de las causas que defiende.

*Los hechos probados son suficientes para decretar una suspensión del querellado del ejercicio de la profesión de abogado. Consideradas todas las circunstancias concurrentes se decretará su separación por el término de un año.*

El Juez Asociado Señor Hernández Matos no intervino.