*In re* JULIO MEJÍAS SANTANA, querellado.

*Número:* 108      *Resuelto:* 10 de noviembre de 1965

*J. B. Fernández Badillo, Procurador General, Jorge Segarra, Américo Serra* y *Jenaro Marchand, Procuradores Generales Auxiliares,* abogados de El Pueblo; Julio Mejías Santana, *pro se.*

PER CURIAM: El Procurador General radicó una querella contra el abogado Julio Mejías Santana. Alega que en documentos radicados ante este Tribunal el querellado "formula imputaciones falsas y utiliza un lenguaje impropio y ofensivo contra compañeros abogados y jueces" y que "incurrió en conducta impropia al hacer imputaciones falsas contra compañeros abogados mientras declaró bajo juramento durante el juicio en el caso número C-59-7697, de José Hernández Zamora v. Universal C.I.T. Credit Corp."

Nombramos al Lic. Miguel Velázquez Rivera para que recibiera la prueba que sustanciaría los cargos formulados. Se celebraron audiencias a ese fin. El querellado no negó los cargos. Por el contrario se reitera en sus afirmaciones. Esto generalmente traería como consecuencia el que declararamos con lugar la querella y le separaramos del ejercicio de la profesión.

Pero es evidente de un examen de todo el expediente de este caso así como de los que con el mismo se relacionan, y de la actitud asumida por el querellado ante los cargos imputados, que éste padece de un desbalance emocional crítico, consecuencia de una personalidad paranoide. (1) Las manifes-

---

(1) Lee así el dictamen del grupo de peritos médicos que lo examinó:
"Los suscribientes, médicos-psiquiatras, designados por ese Hon. Tribunal el 13 de septiembre de 1961 para examinar al Lcdo. Julio Mejías Santana, según nuestro leal saber y entender hemos llegado a las siguientes conclusiones después de haber hecho los exámenes y estudios pertinentes:

taciones del querellado que dieron margen a la presentación de la querella son consecuencia de su condición emocional. Siendo esto así no consideraremos desaforar al querellado. Sería injusto imponerle este estigma. *In Re Bourgeois*, 182 N.E.2d 651 (Ill. 1962).

Ahora bien, la circunstancia de que no lo desaforemos no descarga nuestra responsabilidad. Debemos velar siempre porque los abogados guarden una mesurada conducta en el ejercicio de la profesión. Y esto se aplica tanto a las actuaciones como a las manifestaciones que éstos pueden hacer en el curso de cualquier litigio. Si la condición emocional del

"1. Que el Lcdo. Julio Mejías Santana presenta una PERSONALIDAD PARANOIDE.

"2. Que este tipo de defecto en el desarrollo psicológico se caracteriza por mostrar estas personas una extrema sensibilidad en las relaciones interpersonales y estar siempre en disposición a querellarse; reaccionando a situaciones significantes con suspicacia, envidia, desconfianza, malicia y/o celos infundados. Estas personas frecuentemente suelen acusar a otros de deseos y complejos que han reprimido por no poder aceptarlos como propios.

"3. Que este grupo de personas, generalmente, no muestra síntomas mentales o emocionales. Se considera que las características de su personalidad descritas arriba están tan hondamente arraigadas que a pesar de que en ciertas situaciones pueden exagerarlas marcadamente, siguen funcionando sin desarrollar una psicosis.

"4. Que del historial, del examen directo y de las demás fuentes de información accesibles a los firmantes no ha podido deducirse por estos peritos ninguna reacción psicótica en el examinado.

"5. Que en vista de lo expuesto, los suscribientes opinan que el Lcdo. Julio Mejías Santana está en condiciones mentales de poderse defender y consultar con sus abogados.

"6. Que en cuanto al ejercicio de la profesión de abogado los peritos no pueden, sin violentar sus conciencias, emitir un juicio definitivo de si el Lcdo. Julio Mejías Santana puede ejercerla o no ya que la abogacía, *como casi todas las profesiones, se practica en diferentes normas, modalidades y/o especialidades. El defecto de la personalidad que presenta el* examinado no impide que ejerza adecuadamente una de éstas dentro de las limitaciones que ese defecto le impone. ˙

"7. Que los suscribientes desean hacer constar también que, por haberse negado a ello .el examinado, .no pudo hacerse una evaluación del líquido céfalorraquideo.

"Y, para que conste en donde hubiese lugar, expedimos el presente certificado en Hato Rey, Puerto Rico, a 4 de marzo de 1963."

querellado fue la causa de las manifestaciones, en cualquier momento podrían repetirse. Es nuestro deber evitarlo.

En el informe siquiátrico se expresa que "en cuanto al ejercicio de la profesión de abogado los peritos no pueden, sin violentar sus conciencias, emitir un juicio definitivo de si el Lcdo. Julio Mejías Santana puede ejercerla o no ya que la abogacía, como casi todas las profesiones, se practica en diferentes normas, modalidades y/o especialidades. El defecto de la personalidad que presenta el examinado no impide que ejerza adecuadamente una de éstas dentro de las limitaciones que ese defecto le impone."

Explicando esta afirmación el Doctor Fernández Marina, uno de los peritos que lo examinó, afirmó durante la vista celebrada ante el tribunal que: "Si la persona tiene que entrar en cuestiones contenciosas en donde haya que sostener un argumento ante la presencia de alguien que tiene que hacer un juicio esta persona si tiene la tendencia a interpretar los hechos de los demás como en contra de uno, pues, puede intervenir con esa, ahora, si esta persona se dedica a, y estoy específicamente refiriéndome al Lcdo. Mejías, a consultar, a cuestiones donde no entre el juego de relaciones interpersonales, puede continuar perfectamente utilizando sus conocimientos legales e interpretarlos en la forma más juiciosa, ahora cuando entra en una situación interpersonal en donde hay que hacer un juicio, entonces ya ahí la agresividad se manifiesta."

La posición del perito es pues al efecto de que al querellado por su desbalance emocional, le afecta adversamente el practicar la profesión cuando entran en juego las relaciones interpersonales, cuando tiene que acudir a un tribunal. Por el contrario sostiene que si se dedica al trabajo de su oficina, puede ejercer su profesión sin perjuicio para la justicia, sin perjuicio para la sociedad, sin perjuicio para él.

*En vista de las circunstancias expuestas, adoptamos, como la solución más apropiada en este caso—por considerarla a*

*tono con el más ·efectivo uso de nuestra facultad supervisora de la profesión legal y la más aconsejable para el interés social, de un lado, y del propio querellado, de otro—la resolución de limitar su ejercicio de la abogacía a consultas en su despacho y al ejercicio del notariado, hasta que demuestre al Tribunal, previa solicitud al efecto, que su condición ha mejorado al extremo que se justifique su reinstalación al ejercicio pleno de la abogacía.*

El Juez Asociado Señor Blanco Lugo no intervino.