*In re* IVÁN L. PAGÁN HERNÁNDEZ, querellado.

*Número:* O-76-155          *Resuelto:* 4 de marzo de 1977

*Iván L. Pagán Hernández, pro se; Roberto Armstrong, Jr., Procurador General Interino, Maggie Correa Avilés y Ronaldo Rodríguez Ossorio, Procuradores Generales Auxiliares,* abogados de El Pueblo.

PER CURIAM: El 9 de abril de 1976, el Procurador General de Puerto Rico, en cumplimiento de nuestra resolución fechada 27 de febrero de 1976, formuló querella contra el abogado Iván L. Pagán Hernández, imputándole conducta impropia profesional y altamente censurable consistente de los siguientes cargos que a continuación transcribimos:

*"Primer Cargo*

El querellado incurrió en conducta impropia como abogado al referirse de [*sic*] forma irrespetuosa a las actuaciones del Honorable Tribunal Superior, Sala de San Juan, en su escrito titulado Alegato de la Parte Apelante, radicado en el Honorable Tribunal Supremo de Puerto Rico con fecha del 11 de agosto de 1975, referente al caso de *Ana L. Ildefonso de Latorre* v. *Manuel Fernández Corujo,* Núm. O-75-379, donde expresó lo siguiente a la página 4 de dicho escrito:

'Al negarle a la apelante el derecho a un procedimiento justo, rápido y económico protegido por las leyes de Puerto Rico y los Estados Unidos, de manera que ha agigantado anárquicamente el tiempo y el expediente de este caso, hasta rendir por cansancio a esta parte.'

Más adelante dice el querellado en el citado escrito: 'Contra dicha sentencia interpusimos apelación ante esta Honorable Superioridad, pero la misma, como hemos dicho, quedó paralizada, durante el paseo de la danza jurídica del tribunal a quo.'

Todo lo anterior constituye una insinuación de que el Tribunal de instancia con premeditación interrumpió el recurso de apelación instado por el apelante.

Al así expresarse, el querellado incurrió en violación del mayor respeto que debe observar todo abogado en su relación con los tribunales en concordancia con lo expresado en el Preámbulo, Criterio General y Cánones 9 y 38 del Código de Etica Profesional.

*Segundo Cargo*

El querellado incurrió en conducta impropia al dirigirse al Honorable Tribunal Supremo usando un tono y comentarios altamente irrespetuosos y despectivos hacia este Honorable Tribunal, cuando en su Moción de Reconsideración radicada el día 25 de noviembre de 1975 por el querellado ante este Honorable Tribunal en el caso de *Ana Lydia Ildefonso de la Torre* vs. *Manuel Fernández Corujo,* Núm. O-75-379, expresó lo siguiente:

'. . . El Tribunal Supremo en forma preadmítica subordinó, contrario a lo dispuesto en nuestra constitución, los derechos del hombre (de la apelante) al orden político.'

En la misma Moción de Reconsideración, el querellado hace una relación de los derechos 'teóricamente protegidos por la constitución' y que fueron violados en el referido caso. Entre otros menciona que: '. . . No se aplicó el principio de Justa

Causa que debe imperar en un país supuestamente civilizado y cristiano como el nuestro; levantando una efigie con pies de barro (sin base constitucional) nuestro Tribunal Supremo.'

El 21 de enero de 1976 se volvió a dirigir el querellado al Honorable Tribunal Supremo en escrito entitulado [*sic*] Carta Abierta al Tribunal Supremo Solicitando Nueva Reconsideración en el referido caso de *Ana Lydia Ildefonso de la Torre* vs. *Manuel Fernández Corujo*, supra. En esta ocasión señala el querellado que el Honorable Tribunal Supremo dió '. . . vigencia jurídica a la muy desacreditada doctrina del 'puesto de confianza', incorporando a la Ley Municipal una tercera clasificación, que constituye una nueva promulgación de la Ley Municipal que soterra la necesidad de la misma y la cláusula constitucional del debido procedimiento de ley que la inspira, enervando así previas decisiones del Tribunal Supremo de los E. U.' Más adelante añade el querellado en dicha Carta Abierta que: 'El tribunal usa el oprobio personal para enervar la disidencia y la defensa de unos legítimos derechos sin señalar siquiera específicamente los actos o expresiones que socavan su sensibilidad.'

Luego señala en la referida Carta Abierta que el Honorable Tribunal Supremo creó una nueva clasificación de empleado en la Ley Municipal y expresa que: 'El propósito es subvertir con esta "creación" el requisito tanto constitucional como de ley de Justa Causa y la previa formulación de cargos y audiencias sujetándola sólo a los vaivenes políticos.' Añade que la referida clasificación era 'pura invención' de este Honorable Tribunal. Expresa que: 'El uso del término puesto de confianza (me supongo que todos lo son) es una frase pueblerina para privar a la Secretaria de la Asamblea Municipal del requisito de justa causa.' El querellado expresa que este Honorable Tribunal no 'parece convencido' de la doctrina usada al hacer una determinación.

Posteriormente, en un escrito entitulado [*sic*] Carta Circular del 14 de febrero de 1976, radicado ante este Honorable Tribunal Supremo en el mencionado caso de *Ana Lydia Ildefonso de la Torre* vs. *Manuel Fernández Corujo*, supra, el querellado llama las actuaciones del Tribunal Supremo 'fasañas' y define las mismas como 'fallas sin sujeción a las leyes escritas'. Luego insinua que los jueces del Honorable Tribunal Supremo han conspirado criminalmente y se dirige a éstos diciendo: 'Señores que conspiran a diario contra el orden legal. Señores que han trasoído ese derecho y creían que este había convertido en una frá-

gil e inerme figura quijotesca al abogado. Los invito: procedan.' "

Concedimos término al querellado para que presentara su contestación. Luego de varios planteamientos y prórrogas, (¹) designamos al Lcdo. Alfonso García Martínez Comisionado Especial, con la encomienda de que recibiera la prueba y nos la certificara bajo juramento con sus conclusiones de hecho.

Subsiguientemente, previo varios incidentes, (²) se celebró vista en la cual las partes presentaron prueba de carácter documental. (³)

---

(¹) El 28 de abril de 1976, nos presentó—por propio derecho—una moción denominada Escrito Impugnando Jurisdicción solicitando se le concediera una prórroga de 30 días para someter un memorándum en apoyo del referido Escrito, al cual accedimos. Sometido oportunamente dicho memorándum, mediante Resolución de 10 de junio de 1976 proveímos no ha lugar al planteamiento jurisdiccional y le concedimos un plazo que expiraría el 30 de junio para contestar.

Subsiguientemente presentó una Segunda Comparecencia Especial Impugnando la Jurisdicción, fechada 22 de junio de 1976, la cual declaramos sin lugar y extendimos, con carácter improrrogable un término de 20 días para contestar. El 10 de agosto de 1976 formuló una Moción Solicitando la inhibición del Tribunal, la cual declaramos sin lugar el 2 de septiembre de 1976.

(²) El Comisionado concedió a las partes un plazo de cinco días para que le indicaran si estimaban necesario o conveniente la celebración de una conferencia preliminar a la de presentación de prueba. El querellado, mediante carta fechada 28 de septiembre de 1976 reiteró su posición de que el Tribunal Supremo carecía de jurisdicción solicitando que se celebrara la vista pública. La Oficina del Procurador General se mostró favorable a la celebración de la conferencia, ante lo cual se optó con el señalamiento para el 26 de octubre de 1976 a las 9:00 A.M. El querellado formuló una Moción Solicitando Traslado de Vista e Impugnando Lugar de Vista haciendo constar que había sometido un interrogatorio al querellante, indispensable para su defensa. El Comisionado mantuvo el señalamiento y resolvió dilucidar cualquier cuestión planteada durante la vista. A la misma, por la parte querellante comparecieron la Lic. Maggie Correa Avilés y el Lic. Ronaldo Rodríguez Ossorio, Procuradores Generales Auxiliares, habiendo comparecido el Lic. Iván L. Pagán Hernández, por derecho propio.

(³) Para sostener el primer cargo la parte querellante presentó en evidencia el Alegato de la Parte Apelante de 11 de agosto de 1975 en el Tribunal Supremo en el caso O-75-379 (Exhibit 1, parte querellante). El querellado ofreció varias piezas de prueba más adelante relacionadas, que según su posición y argumentación, justificaron sus actuaciones y expresiones: Minuta del Tribunal Superior de San Juan de 18 de abril de 1974 (Exhibit 1). Según el querellado esta minuta debiera tener la fecha de 17

Durante dicha vista, el Comisionado Especial admitió la anterior prueba documental consignando que el querellado solicitó la desestimación perentoria del primer cargo "... porque la Procuradora Lic. Correa Avilés no tenía 'standing', ya que las personas afectadas por sus manifestaciones a saber los jueces de instancia, no están presentes"; y que con relación a los prolongados trámites habidos en primera instancia "... se refirió como 'danza jurídica', que es un término hueco, sin contenido, que se usó para llamar la atención del tribunal." En torno al cargo número 2, se expone que el querellado argumentó que nuestra Opinión del 13 de enero de 1976, Exhibit 5 de la parte querellante, es posterior al cargo "... y que el cargo número 1 es anterior a la opinión, cronológicamente hablando."

A la luz de un detenido y cuidadoso estudio de la prueba documental coincidimos con el Comisionado([4]) y con la con-

---

de abril de 1974; Orden de señalamiento de 20 de marzo de 1974 (Exhibit 2); Notificación de fecha 28 de mayo de 1974 (Exhibit 3); Notificación de fecha 2 de julio de 1974 (Exhibit 4); Orden de señalamiento de 9 de agosto de 1974 (Exhibit 5); Notificación de 8 de julio de 1974 (Exhibit 6); Minuta de 5 de febrero de 1975 (Exhibit 7) y Notificación de 4 de junio de 1975 (Exhibit 8). Los exhibits del querellado forman parte del expediente PE-73-635 del Tribunal Superior, Sala de San Juan.

Con referencia al segundo cargo, la parte querellante presentó en evidencia: Moción de reconsideración del querellado dentro del recurso O-75-379 ante el Tribunal Supremo de Puerto Rico, que aparece fechada 24 de enero de 1975 pero radicada 25 de noviembre de 1975 (Exhibit 2); Escrito del querellado titulado Carta Abierta al Tribunal Supremo solicitando Nueva Reconsideración de fecha 21 de enero de 1976 (Exhibit 3); Escrito del querellado titulado Carta Circular de fecha 14 de febrero de 1976 (Exhibit 4); Opinión Per Curiam del Tribunal Supremo de Puerto Rico de 13 de enero de 1976 (Exhibit 5). Estos exhibits se encuentran en el expediente O-75-379 del Tribunal Supremo de Puerto Rico.

([4]) Con posterioridad a haberse recibido el Informe del Comisionado e ilustrativo de su línea de pensamiento, el querellado radicó el escrito que transcribimos más adelante y al cual proveímos "no ha lugar".
"MOCIÓN SOLICITANDO RECTIFICACIÓN:
"El abogado que suscribe recibió fechado 28 de diciembre de 1976 una resolución donde se resuelve que no procede enmendar informe. A continuación exponemos brevemente al Honorable Comisionado porqué procede 1976."

clusión de que el querellado utilizó en los distintos escritos antes relacionados lenguaje impropio, indeseable y ofensivo, no sólo a la dignidad y respeto de los tribunales, sino poco

"1. *Importancia de la cronología de los hechos*—

"El Honorable Comisionado aparece haciendo una conclusión de derecho, cuando manifiesta: (cito a la página 9)—'no tiene méritos esta contención ni consecuencia para la dilucidación de los méritos de esta acción.' Tenía entendido que el Honorable Comisionado entraría en los hechos únicamente y no en cuestiones o conclusiones de derecho. Esta conclusión de derecho nos obliga a entrar en una cuestión de derecho fundamental: que en las relaciones humanas el respeto es una cuestión *mutua*. Y no nos estamos apoyando ya en la cuestión de derecho de que la acción de epígrafe es ajena y extraña a nuestro derecho y que la misma, *y que la misma* (el desaforo), es una transculturación jurídica de la *common law* en PR.

"Pero nosotros sí señalamos específicamente los hechos y no nos limitamos a mera generalizaciones. Veamos:

"Fecha del cargo 1: *11 de agosto de 1975*

"Fecha de la censura del TS: *13 de enero de 1976*

"Fecha del cargo 2: *14 de febrero de 1976*

"Entre el 13 de enero de 1976 y el 14 de febrero de 1976 medió una moción de este abogado solicitando del Tribunal Supremo le señalara específicamente los hechos en que se basaba para llamar a este abogado incompetente, etc. La respuesta fue una amenaza de desacato o desaforo. Luego de esto se produce el cargo 2 y la acción de epígrafe.

"2. *Importancia de la prueba de la verdad*

"Si se prueba la verdad de lo dicho por el Tribunal Supremo, no habría consecuencia alguna, pues nadie puede ser penalizado por decir la verdad. Por ende, viene obligado a probar que este abogado es un *incompetente*.

"Por otro lado, este abogado sí puede probar todo lo dicho. El derecho civil en Puerto Rico (a continental como le decían los del Common Law) ha sufrido una transformación y caída, que cuando los europeos miran a E.U., hacen sorna y mofa de ·que 9 personas quieran regir el destino de 210 millones de almas. ¿Donde es que está la democracia?, dicen. Tomemos por ejemplo España, donde se dice que no la hay: hay 150 jueces en el tribunal más alto. En cada caso se emite una opinión fundamentada y refinada (tan refinada, que solo los abogados la entienden).

"En cuanto al derecho nuestro y fundamentar las decisiones, ahí están Scaevola y Manresa levantando el dedo acusador: ¿Qué le hemos hecho a ese derecho?

"El artículo 7 del Código Civil es claro: si el tribunal responde de sus acciones negligentes e intencionales a la parte; los abogados no podemos ser unos sometidos dejando sin validez alguna dicha disposición y principio fundamental del derecho constitucional (el de Europa).

"Respetuosamente sometida, en Carolina, PR a 30 de diciembre de dicha enmienda:

decoroso e inadecuado al ejercicio de la abogacía. Los cargos han sido satisfactoriamente probados.

El comportamiento del querellado está reñido con los principios de ética profesional y evidencian una línea de conducta impropia, incompatible con el ejercicio de la profesión de abogado. *In re Padilla,* 87 D.P.R. 236 (1963); *In re Mejías Santana,* 92 D.P.R. 804 (1965). En mérito de lo expuesto, nos vemos compelidos a suspenderlo del ejercicio de la práctica de abogado por el término mínimo de seis (6) meses. Al final del mismo, podrá formular una solicitud de rehabilitación como abogado ante este Tribunal, la cual será evaluada y resuelta conforme a las circunstancias que existan en dicho momento.

*Se dictará la correspondiente Sentencia.**

---

(*)NOTA DEL COMPILADOR: Con fecha 31 de mayo de 1977, el Tribunal Supremo aprobó la siguiente Resolución:

"Visto el escrito del Lcdo. Iván L. Pagán Hernández en que ofrece sus disculpas al Tribunal y retira sus palabras impropias, a la luz de las circunstancias concurrentes, se modifica nuestra sentencia de 4 de marzo de 1977 que suspendió a dicho abogado del ejercicio de la profesión por el término de seis meses, y se reduce la medida disciplinaria impuéstale a un término de tres (3) meses a vencer el 8 de junio de 1977, en cuya fecha quedará rehabilitado como abogado con todos sus derechos.

Notifíquese al Colegio de Abogados de Puerto Rico, al Secretario de Estado, al Secretario de Hacienda, al Director de Inspección de Notarías y al Director Administrativo de los Tribunales.

Lo acordó el Tribunal y certifica el Secretario. El Juez Presidente, Señor Trías Monge, y el Juez Asociado Señor Dávila se inhibieron. Los Jueces Asociados Señores Rigau y Torres Rigual no intervinieron.

(Fdo.) Ernesto L. Chiesa
*Secretario"*