# 95 DTA 124

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE ARECIBO Y UTUADO

RAUL MARQUEZ VELASCO
Recurrido

v.

ANA J. REYES SANTOS
Peticionaria

Núm. KLCE-95-00315

Panel integrado por su presidente Juez Arbona Lago
y los Jueces Giménez Muñoz y Salas Soler

Salas Soler, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

La señora Ana J. Reyes Santos solicita la revocación de la resolución dictada el 30 de diciembre de 1994, por el Tribunal de Primera Instancia, Sala de Arecibo (Hon. Myrta Irizarry Ríos, Juez) que declara NO HA LUGAR la solicitud de pensión alimentaria al amparo del Artículo 109 del Código Civil, 31 L.P.R.A. sec. 385 (alimentos al excónyuge) al determinarse que la promovente no cumplía con el requisito de no contar con medios para vivir.

El señalamiento principal de la peticionaria descansa en que el Tribunal Sentenciador erró en la apreciación de la prueba pericial presentada por ella, la cual no fue controvertida ni cuestionada. La recurrente fundamenta la discusión de este error señalando básicamente lo declarado por dicho perito y señalando los criterios de revisión que pueden ser utilizados por los tribunales apelativos para adoptar su criterio en la apreciación de la prueba. Hemos examinado y estudiado cuidadosamente la petición de *certiorari* y el contenido íntegro del legajo ante nos.

No estamos persuadidos de que el Tribunal de Instancia haya errado en su apreciación de la prueba, por los siguientes fundamentos denegamos la expedición del auto. Debido al resultado que hemos llegado no hace falta el perfeccionamiento del recurso. Tomamos como cierta la relación de hechos del apelante y estando en condiciones de resolver así lo hacemos.

### I

La señora Ana J. Reyes Santos (la peticionaria) y el señor Raúl Márquez Velasco (el recurrido) se divorciaron el 21 de septiembre de 1984 por la causal de separación, asignándole al recurrido una pensión alimentaría de $932 mensuales en favor de los cuatro (4) hijos habidos en el matrimonio.■

Esta pensión fue variada en varias ocasiones■ Mediante Resolución del 30 de diciembre de 1994 se fijó una pensión alimentaria a favor de dos de los hijos menores de edad de $1,334.00 mensuales, además el señor Márquez Velasco debía continuar pagando la hipoteca de la casa; plan médico a los hijos y la ex-esposa y matrículas, mensualidades y libros del colegio donde estudian los hijos menores de edad. El recurrido también estipuló con los dos hijos mayores de edad que intervinieron en el pleito, el pago de plan médico para ambos, una pensión alimentaría de $125 mensuales, el pago de gastos personales, tales como vestimenta y $30 semanales para gastos misceláneos de uno de ellos.

Se determinó además no concederle a la señora Reyes Santos pensión alimentaria como ex-cónyuge al estimar que aunque la peticionaria había perdido parte de su capacidad productiva a raíz de un accidente automovilístico, no estaba incapacitada de proveerse su sustento.■

Como parte de la prueba presentada por la peticionaria en el Procedimiento ante el Tribunal de Instancia declaró el doctor Acosta Ramírez quien básicamente indicó que la señora Reyes Santos estaba incapacitada y que debía limitar su quehacer diario. Específicamente indica que "...*esta señora estará incapacitada totalmente para cualquier actividad donde le sea necesario su autosustentación económica...*" Véase Apéndice 12, página 51 de la Apelación. El testimonio de dicho périto no fue contradicho con prueba sobre la condición de salud de la señora Reyes Santos. La prueba del señor Márquez Velasco consistió en demostrar que la recurrente había continuado trabajando tras el accidente y que aún con su condición podía proveerse su sustento.

Al revisar las determinaciones del Tribunal de Instancia, el Tribunal Apelativo está sujeto a las mismas limitaciones que se ha impuesto el Tribunal Supremo con respecto a la

apreciación de la prueba oral hecha por el foro recurrido. *Pueblo v. Maisonave Rodríguez*, ___ D.P.R. ___ (1991), **91 J.T.S. 67**; *Morales v. Tribunal Superior*, 84 D.P.R. 123 (1961); *Mercado v. Hull Dobbs Corp.*, 90 D.P.R. 864 (1964).

Como regla general un tribunal de apelaciones no debe intervenir con la aquilatación de la prueba hecha en instancia a no ser que medie pasión, prejuicio o error manifiesto. *Pueblo v. Pellot Pérez*, 121 D.P.R. 791 (1988). Aún así se ha determinado que los tribunales apelativos están en libertad de aquilatar la eficacia y valor probatorio de la prueba pericial que desfila en el tribunal sentenciador. *López Vázquez v. Hospital Presbiteriano*, 107 D.P.R. 197 (1978); *Portilla v. Carreras de Schira*, 92 D.P.R. 804 (1968); *González Rivera v. Junta de Retiro para Maestros*, 93 D.P.R. 70 (1966).

El error que la parte recurrente señala va dirigido a impugnar la apreciación de la prueba. El Tribunal de Instancia en su articulada resolución determinó acertadamente que la prueba sobre la incapacidad de la promovente para trabajar y proveer su sustento fue contradictoria. El testimonio ofrecido por el Dr. José M. Acosta Ramírez no fue controvertido con prueba pericial, pero sí con prueba que demostraba que aún cuando la señora Reyes Santos sufriera de la condición descrita, la recurrente podía continuar proveyéndose su sustento. Tanto es así que continuó trabajando después del accidente en su negocio de ropa y conociendo su incapacidad decidió transigir su reclamación de daños por $14,000.00. Los tribunales *"tienen amplia discreción en la apreciación de la prueba pericial pudiendo, aún, adoptar su propio criterio en la apreciación y evaluación de la misma y hasta descartarla aunque resulte técnicamente correcta"*. *Valdejuli Rodríguez v. A.A.A.*, 99 D.P.R. 917, 921 (1971).

El Artículo 109 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 385 es claro al indicar que se podrá solicitar los alimentos *"si no cuenta con medios suficientes para vivir"*. En el caso ante nos se cumplieron con los restantes requisitos para conceder alimentos a un ex-cónyuge, pero el Tribunal al ejercer su sana discreción determinó que no se había cumplido con el requisito de probar que no se contaba con medios suficientes para vivir. *Toppel v. Toppel*, 114 D.P.R. 16 (1983).

El Artículo 109 del Código Civil se refiere a la imposibilidad de ganarse la vida y no a la mera necesidad o a la reducción de la capacidad de generar ingresos. El diagnóstico y pronóstico médico indica una incapacidad total, pero la prueba creída por el Tribunal de Instancia indica una realidad distinta en que la recurrente continuó con su negocio de venta de ropa y conduciendo su automóvil.

La aplicación del Artículo 109 es de ámbito estrecho, en el que se contempla un criterio de incapacidad para el sustento, no una mera disminución en la capacidad productiva. La recurrente no acreditó cómo la disminución de su capacidad productiva le impide proveerse de su sustento.

Por los fundamentos antes expuestos se deniega la expedición del auto solicitado y se confirma la resolución recurrida.

Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

**ESCOLIOS 95 DTA 124**

**1.** La pensión se dividía en $532 en concepto de pago de hipoteca de la casa en que se quedaron residiendo la señora Reyes Santos junto a sus hijos y $400 de pensión alimentaria. La recurrente posee un Bachillerato en

Administración de Empresas. Al momento del divorcio la señora Reyes era Directora de un Centro de Estudios. Posteriormente, inició un negocio de venta de ropa a consignación que estuvo operando hasta el 1994 además de trabajar como tenedora de libros de su padre.

2. El 29 de octubre de 1987 la peticionaria solicitó aumento de pensión alimentaria, estipulándose el pago de $600 mensuales, además el pago de la casa, agua, luz, colegio, transportación, plan médico, ropa, comida y zapatos de los menores.

El 26 de noviembre de 1990, la peticionaria presentó Moción de Desacato, alegando que el promovido adeudaba un total de $19,800.00. Tras varios incidentes procesales se determinó que el recurrido no había incurrido en desacato y se ordenó referir el caso ante un Examinador de Pensión Alimentaria. En vista ante el Examinador el 9 de septiembre de 1991, se indicó que la pensión seguiría en los mismos términos a la estipulada en el 1987. Un mes después de dicha vista, la señora Reyes Santos reclamó aumento en la pensión de los hijos menores de edad y pensión alimentaria como ex-cónyuge.

3. La peticionaria sufrió un accidente automovilístico varios meses después de radicar su solicitud de pensión alimentaria. La A.C.A.A. le otorgó incapacidad de un 100%. La peticionaria transigió su reclamación civil por la suma de $14,000.00. Dicha cantidad fue invertida en la adquisición de un automóvil Volvo. La A.C.A.A. le otorgó una compensación de $50 semanales.