# 95 DTA 212

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE SAN JUAN, PANEL IV

GRANADA PARK RETIREMENT TRUST
Peticionaria

v.

MUNICIPIO DE GUAYNABO
Recurrido

JUNTA DE PLANIFICACION
Agencia Recurrida

Núm. KLCE-95-00153

Panel integrado por su presidente, la Juez Alfonso de Cumpiano
y los Jueces Broco Oliveras y Miranda De Hostos

Broco Oliveras, Juez Ponente

**TEXTO COMPLETO DE LA SENTENCIA**

### I

La peticionaria, Granada Park Retirement Trust, recurre ante nos de la sentencia dictada el 16 de febrero de 1995 por el Tribunal de Primera Instancia, Sala Superior de San Juan. En esta sentencia el tribunal *a quo* confirmó la determinación tomada por la Junta de Planificación de Puerto Rico (la Junta). El día 19 de enero de 1994, la Junta aprobó la consulta número 94-16-0021-JGT, mediante la cual autorizó al Municipio de Guaynabo (el

Municipio) a adquirir un predio de terreno de 18.3788 cuerdas propiedad de la peticionaria, localizado en el Barrio Camarones de Guaynabo. La peticionaria objeta la autorización concedida alegando que se realizó en violación al Reglamento Sobre Mejoras Públicas (Reglamento de Planificación Núm. 2) porque no se le notificó de la radicación de la consulta en fecha previa a la aprobación de la misma, lo que alegadamente constituye una privación de su propiedad sin el debido proceso de ley.

Por entender que erró el tribunal recurrido al decidir de la manera expresada, procedemos a revocar.

## II

La peticionaria adquirió de Caribbean Consolidated School, Inc. (Caribbean) la propiedad objeto de este recurso el día 20 de marzo de 1993 mediante escritura de compraventa, presentada al Registro de la Propiedad el día 24 de marzo del 1993█ El día 27 de octubre de ese año, el Municipio notificó a Caribbean que decidió adquirir la propiedad que ya ésta había vendido a la peticionaria. Mediante carta de 22 de noviembre de 1993, el Lic. José R. Martínez Ramos notificó al Municipio que Caribbean ya no era dueña registra█ de la finca y que había procedido a cursarle copia de la carta del Municipio de 27 de octubre de 1993 al Lic. Oronoz, abogado de la peticionaria. El día 10 de diciembre de 1993 la peticionaria presentó ante la Junta una consulta de ubicación para construir un proyecto residencial multifamiliar en el mismo predio que el Municipio deseaba adquirir, Consulta Núm. 93-16-1069-JTU. Esta consulta fue aprobada por la Junta el día 19 de mayo de 1994. El Municipio presentó su consulta para adquirir el terreno (94-16-0021-JGT) y le fue aprobada el día 19 de enero de 1994. El Lcdo. Oronoz, abogado de la peticionaria cursó al Alcalde del Municipio una cart█ con fecha de 26 de abril de 1994, en la que indica que se le informó por medio de una carta con fecha de 28 de marzo de 1994 que el Municipio se proponía expropiar el predio objeto de este recurso. Esta carta, enviada por el Municipio, indicaba que tan pronto como les fuera posible, iniciarían las gestiones para la expropiación y/o compra directa de la referida propiedad.█ Nótese que esta carta de 28 de marzo fue posterior a la resolución de la Junta. En otra carta de 26 de abril de 1994, el Lic. Oronoz le informa al Municipio de la conformidad de la peticionaria ante el interés del Municipio de hacer una mensura en la propiedad.

Mediante orden de 2 de mayo de 1995, concedimos un término de diez (10) días a la Junta para mostrar causa por la cual no debíamos revocar la resolución en cuestión por no haberse cursado la notificación reglamentaria y por no haberse hecho en el momento debido.

La Junta compareció mediante Moción en Cumplimiento de Orden, radicada el 25 de mayo de 1995. La comparecencia de la Junta no nos persuade a resolver diferente a la forma intimada. Le resta valor persuasivo a la comparecencia de la Junta el hecho de que asume erróneamente que la peticionaria fue adecuadamente notificada, cuando de los autos se desprende lo contrario.

## III

La sección 7 del Artículo II de la Constitución del Estado Libre Asociado de Puerto Rico garantiza a toda persona que no será privada de su propiedad sin debido proceso de ley.

En *Mathews v. Eldridge,* 424 U.S. 319 (1976) el Tribunal Supremo de los Estados Unidos estableció los criterios a sopesar al determinar cuál es el debido proceso a seguir para privar a un individuo de algún derecho protegido en cumplimiento de la cláusula de debido proceso de la Quinta Enmienda de la Constitución Federal. Estos criterios son: (1) determinar cuáles son los intereses individuales afectados por la acción oficial; (2) el riesgo de una determinación errónea que prive a la persona del interés protegido mediante el proceso utilizado y el valor probable de garantías adicionales o distintas; y (3) el interés gubernamental protegido con la

acción sumaria y la posibilidad de usar métodos alternos.

A base de los criterios de *Mathews, supra,* la jurisprudencia ha elaborado varios requisitos que debe cumplir todo procedimiento adversativo, para satisfacer las exigencias del debido proceso, a saber: (1) notificación adecuada del proceso; (2) proceso ante un juez imparcial; (3) oportunidad de ser oído; (4) derecho a contrainterrogar testigos y examinar evidencia presentada en su contra; (5) tener asistencia de abogado y (6) que la decisión se base en el récord. *Rivera Rodríguez & Co. v. Stowell Taylor,* **93 J.T.S. 111.**

Como principio fundamental del debido proceso, se ha consagrado el derecho de toda persona a ser oído antes de ser despojado de algún derecho protegido. *Rivera Rodríguez & Co. v. Stowell Taylor, supra.* La oportunidad de ser oído debe ser en una forma y en un momento significativo. *Mathews v. Eldridge, supra.*

La doctrina constitucional que impide la privación de la propiedad sin debido proceso de ley aplica en la esfera administrativa. *Srio. DACO v. J. Cond. C. Martí,* 121 D.P.R. 791 (1988).

El Reglamento Sobre Mejoras Públicas (Reglamento de Planificación Núm. 2) requiere que se presenten ante la Junta de Planificación las consultas y proyectos de construcción para toda mejora pública a emprenderse o realizarse por cualquier funcionario u organismo del Gobierno de Puerto Rico.

Para que la consulta sea considerada por la Junta, debe acreditarse que se le notificó al titular del predio. Toda persona notificada sobre la radicación de la consulta o proyecto de mejora pública podrá someter a la Junta, sus puntos de vista dentro del término de diez (10) días contados a partir del recibo de la notificación. Para que se trámite la consulta o proyecto de mejora pública sin haber transcurrido el referido término de diez (10) días, se necesita que el interés público envuelto así lo justifique.■ La tramitación de las consultas se realizará de acuerdo al Reglamento Sobre Mejoras Públicas y las vistas públicas se celebrarán cuando la Junta lo estime necesario.■ La discreción de la Junta en cuanto a la celebración o no de vistas públicas no puede tener el efecto de anular la disposición que requiere la notificación al titular del predio afectado por una consulta de ubicación. La disposición reglamentaria que concede discreción a la Junta y la que contiene el requisito de notificación, pueden coexistir. La defensa de los derechos de una parte afectada que ha sido debidamente notificada, no tiene que ejercitarse exclusivamente en el contexto de una vista.

La sentencia de 16 de febrero de 1995 de la Sala Superior de San Juan, se basó principalmente en su determinación de que la peticionaria *"tuvo pleno conocimiento del interés del Municipio y amplia oportunidad de ser escuchado ante la Junta".* El tribunal *a quo* apoyó esta conclusión en que alegadamente los representantes legales de Caribbean le habían notificado del interés del Municipio a la peticionaria por conducta del Lic. Oronoz y que éste aceptó en una carta posterior, haber sido notificado del propósito del Municipio. Las referidas conclusiones del tribunal *a quo* se basan en el análisis de prueba documental.

En la evaluación de documentos este tribunal ocupa igual posición que la de los foros primarios. *Chase Manhattan v. Emmanuelli Bauzá,* 111 D.P.R. 708 (1981); *Planned Credit of P.R. Inc. v. Page,* 103 D.P.R. 245 (1975).

No puede concluirse de la carta de Caribbean al Municipio de 22 de noviembre de 1993, ni de las cartas del Lic. Oronoz al Municipio, ambas de 26 de abril de 1994, que la peticionaria tuviera conocimiento de la radicación de la consulta de ubicación 94-16-0021-JGT al momento de su presentación y decisión.

El Municipio en su Moción de Desestimación y Oposición a la Solicitud de Revisión, sostiene que en las expropiaciones forzosas, en las que se solicita la autorización de la Junta para adquirir determinado terreno para uso público, es discrecional la celebración de una vista pública en que los titulares de los bienes puedan expresar su posición. Alega el Municipio que el esquema estatutario y procesal vigente ofrece a los propietarios **posteriormente**, más que suficientes oportunidades. El Municipio apoya estas alegaciones en la Sentencia del Honorable Tribunal Supremo de Puerto Rico en el caso de *Mercado Parra v. Gobernador,* **94 J.T.S. 22.**

En *Mercado Parra v. Gobernador, supra,* el Tribunal Supremo por medio de una sentencia confirma la decisión del Tribunal de Instancia al entender que fueron debidamente notificados de la intención de la Compañía de Fomento Industrial de adquirir los terrenos. En el caso anteriormente citado el Tribunal Supremo determinó que la notificación hecha de la intención de expropiar, conteniendo información sobre el propósito de presentar consultas ante la Junta de Planificación, fue suficiente. En *Mercado Parra, supra,* sí se les notificó a los propietarios la resolución dictada por la Junta. Por el contrario, en el caso ante nos la peticionaria señala que advinieron en conocimiento de la resolución mientras se tramitaba otra consulta posterior, la cual no es objeto de este recurso ■

En el caso que nos ocupa concurren varias circunstancias que lo diferencian del caso de *Mercado Parra, supra.* En el presente caso el Municipio no envió a la peticionaria, en época previa o contemporánea a la radicación de la consulta, una comunicación informando de su intención de adquirir terrenos pertenecientes a ésta. En *Mercado Parra, supra,* no solamente se envió al titular una carta informando de ese propósito (adquirir los terrenos), sino que la comunicación expresamente informaba que *"estamos en el proceso de preparar* ***las consultas reglamentarias correspondientes ante la Junta de Planificación*** *y demás agencias con jurisdicción".* (énfasis nuestro)

La Junta puede ser persuadida por un titular debidamente notificado de la necesidad de celebrar una vista pública, cuando el propósito inicial de la Junta era prescindir de la misma. La disponibilidad de oportunidades posteriores no justifica la inobservancia de requisitos procesales dispuestos en los propios reglamentos de la Junta.

Como antes hemos concluido, no se cumplió con el requisito de notificación adecuada a la peticionaria en cuanto al trámite administrativo que nos ocupa. Tampoco se produjo la misma en un momento significativo. La omisión de notificar adecuadamente privó a la peticionaria de su interés propietario sin un debido proceso de ley. ■

**IV**

La Junta de Planificación erró al aprobar la consulta de ubicación de mejora pública cuando no se había cumplido con el requisito de notificación al titular de los terrenos. Una consulta de ubicación no se considerará radicada hasta que se haya cumplido con todos los requisitos de radicación. Reglamento del Procedimiento para las Decisiones Adjudicativas, sec. 4.00.

Por los fundamentos antes expuestos, se expide el auto y se revoca la sentencia de la Sala Superior de San Juan de 16 de febrero de 1995, se deja sin efecto la resolución de la Junta dictada el 19 de enero de 1994 en la consulta Núm. 94-160021-JGT, mediante la cual se aprobó la adquisición de 18.3788 cuerdas en el Barrio Camarones de Guaynabo y se ordena que se cumpla con el trámite de notificación y procedimiento adecuado en la consideración de dicha consulta.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

**ESCOLIOS 95 DTA 212**

**1.** Según surge del Estudio de Título con fecha de 6 de junio de 1994.

**2.** Desde el recibo de esta carta ya el Municipio sabía que cualquier información en contrario, referente a la entidad titular del terreno, era incorrecta.

**3.** En esta carta el Lic. Oronoz le señala al Municipio que *"[h]ace algún tiempo la vendedora de dicha finca, Caribbean Consolidated School, nos había informado haber recibido una carta del Municipio en la que notificaba su interés de adquirir dicha propiedad..."*

**4.** Anejo VI.

**5.** Sección 4.02 del Reglamento anteriormente citado.

**6.** Sección 6.01 del Reglamento Sobre Mejora Pública. El Reglamento del Procedimiento para las Decisiones Adjudicativas en su sección 7.00 tiene disposiciones similares sobre la discreción de la Junta para ordenar la celebración de vistas.

**7.** La falta de notificación a la peticionaria de la resolución de la Junta en el caso 94-16-0021-JGT privó a ésta de la oportunidad de solicitar la reconsideración de la decisión tomada. Por lo tanto, no puede imputarse a la peticionaria que no solicitara tal reconsideración o que se cruzara de brazos.

**8.** Reglamento Sobre Mejoras Públicas; Reglamento del Procedimiento para las Decisiones Adjudicativas de la Junta de Planificación, vigente el 23 de noviembre de 1989; Ley de Procedimientos Administrativos Uniformes y la Ley Orgánica de la Junta de Planificación.