Pesante Martínez, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
El presente recurso se perfecciona ante nos luego de un accidentado trámite procesal, razón por la cual lo resolvemos pasado más de un año desde su presentación.
*1416 Se apela una sentencia del anterior Tribunal de Distrito de Puerto Rico, Sala de Fajardo, en la cual se declaró "No Ha Lugar" una demanda sobre reivindicación de un bien inmueble. La parte apelante señaló la comisión de siete errores que se circunscriben a expresar que la sentencia a quo fue un dictamen erróneo por ser contraria al derecho y los hechos.
Por entender que no se cometieron los errores señalados, confirmamos la sentencia apelada.
En lo referente al demandado Víctor Toca Varona, resolvemos desestimar la apelación. Este, quien compareció a los procedimientos por derecho propio, no fue notificado de la sentencia dictada por el Tribunal de Instancia ni de la fecha del archivo en autos de la misma. Regla 46 de las de Procedimiento Civil, 1 P.F.P. pág. 135.
I
Los demandantes-apelantes, señores Víctor Toca Fernández y su esposa Soledad Varona Gutiérrez presentaron demanda de reivindicación de un bien inmueble. En la misma alegaron que autorizaron a su hijo Víctor Toca Varona, quien vivía consensualmente con la demandada María Isabel Rivera Maldonado, a que adquiriera del señor Pascual Ramos Delgado, la propiedad inmueble en controversia. Para ello, el demandado Sr. Toca, hijo, utilizó $30,000.00 que fueron depositados, por el Sr. Toca, padre, en una cuenta que éste compartía con el primero.
Encontrándose los demandantes residiendo en España, los demandados acudieron ante notario público y compraron la finca objeto de este litigio a su nombre. En la misma comparecieron como marido y mujer. Para adquirirla utilizaron los $30, 000.00 antes mencionados.
Al regresar a Puerto Rico, los demandantes se enteraron que la propiedad no estaba a nombre de ellos. Habiendo sido ésta la intención original de las partes según alegan los demandantes, el Sr. Tosca Fernández y su esposa acudieron donde el notario que formalizó la escritura de compraventa. Allí el Ledo. Lugo Zalduondo les explicó el negocio que había autorizado, que le había hecho a los adquirentes (demandados) todas las advertencias legales y que éstos adquirieron en nombre propio.
En su comparecencia, el demandado Víctor Toca Varona aceptó que su padre le dejó el dinero para que comprara la casa a nombre de sus padres. No obstante, optó por comprarla a su nombre y el de su concubina. Explicó que al ir a firmar las escrituras aparecía el nombre de su compañera. Que ésta le dijo que era así pues tenían que comparecer dos personas para formalizar la compraventa pero que luego la pondrían a nombre de sus padres.
Del testimonio de Don Pascual Ramos Delgado, dueño de la propiedad objeto de la controversia, se desprende que los tratos que hiciera fueron con el demandado Toca Varona, hijo; que desconocía que éste tuviera la intención de adquirir para sus padres.
El foro de instancia, entre sus determinaciones de hechos esboza que existe disputa sobre si el demandante, al depositar los $30,000.00, los quería para regalarlos a su hijo o para que éste adquiriera una propiedad a su nombre. Se nos aclaró que no se aportó evidencia de mandato alguno.
Como súplica los demandantes solicitan que la propiedad quede inscrita a su nombre en el Registro de la Propiedad.
La juez de instancia declaró "No Ha Lugar" la demanda sobre reividicación. Los demandantes recurren ante nos. Confirmamos.
II
.... La acción reivindicatoria de bienes inmuebles surge del Art. 280 del Código Civil que reza de la siguiente manera:

"...[E]l propietario tiene acción contra el tenedor y poseedor de la cosa para reivindicarla. 31 L.P.R.A. sec. lili."

Sobre esta acción en particular, nos ha sido expresado que "...constituye la más eficaz y enérgica *1417 defensa de la propiedad..." E. Vázquez Bote. Derechos Reales, Tomo VII, Equity Publishing, Co., 1991, pág. 324. Se dirige la acción contra quien esté detentando la propiedad sin que le pertenezca y en el interés de recobrarla E. Vázquez Bote, ibid.
Para que proceda la reivindicación de un inmueble, tienen que concurrir los siguientes requisitos o elementos: que el demandante tenga derecho de propiedad; que el demandado carezca de derecho a poseer; que el demandado se encuentre en posesión de la cosa a ser reivindicada y que se identifique debidamente la cosa a ser reivindicada. J. Puig Brutau, Compendio de Derecho Civil, vol. HI, Editorial Bosch, págs. 46-47.
Es entonces como en primer lugar, el demandante debe probar que es propietario de la cosa que reclama. Dirigir la acción sobre quien ostente la propiedad sin que le ampare derecho alguno. Si el demandado tuviere inscrito su derecho en el Registro de la Propiedad debe pedirse y obtenerse la nulidad de tal asiento. J. Puig Brutau, op cit., pág. 49.
Por último, la cosa a ser reivindicada debe ser señalada en forma determinada y correcta.
Es así como vemos, que quien exija reivindicación de una propiedad inmueble debe probar estos elementos que permiten que en derecho proceda la acción.
III
La prueba desfilada y creída por el juzgador de instancia demostró que el demandado adquirió una propiedad con dinero producto de una cuenta bancaria que compartía con su padre. A dicha adquisición compareció como esposo de su compañera consensual (también demandada) y adquirieron para sí. La compraventa fue autorizada por notario, quien le hizo las advertencias legales necesarias y requeridas por ley.
Los demandantes, en primer lugar no pudieron probar tener un título legítimo de la propiedad. Ni tan siquiera lograron establecer la nulidad o inexistencia del título de los demandados. Eran los demandados personas con derecho a permanecer en la posesión de la propiedad por ostentar su título. Siendo ello así, no es posible que prospere la acción y en consecuencia no proceden los remedios que reclaman los demandantes. En ausencia de error manifiesto, prejuicio, parcialidad o pasión debemos abstenernos de intervenir con la apreciación de la prueba que hiciera el Tribunal de Instancia. Pueblo v. Pellot Pérez, 121 D.P.R. 791 (1988) y Pueblo v. Miranda Ortiz, 117 D.P.R. 188(1986).
Por todo lo antes expuesto, resolvemos confirmar la sentencia apelada en cuanto a la demandada María Isabel Rivera Maldonado. Desestimamos la misma en cuanto al Sr. Víctor Toca Varona ya que al haber comparecido por derecho propio debió ser notificado de la sentencia y ésto no se hizo.
Notifíquese por la vía ordinaria.
Lo acordó el Tribunal y lo certifica la Secretaria General.
María de la C. González Cruz
Secretaria General
ESCOLIO 96 DTA 28
1. Véase Notificación de la Sentencia, págs. 34-35 del Expediente Original.