Córdova Arone, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
Evelyn Soto Barreto recurre mediante recurso apelativo de la sentencia emitida el día 19 de diciembre de 2000 por el Tribunal de Primera Instancia, Sala Superior de Aguadilla, que luego de encontrarle culpable le impuso la pena de dos (2) años por la infracción al artículo 259 del Código Penal de Puerto Rico y seis (6) años por infracción al artículo 18 (6) de la Ley 8 de 5 de agosto de 1987, concurrentes entre sí.
Perfeccionado el recurso y evaluados los escritos de las partes, los autos originales, la exposición narrativa de la prueba testifical y examinada toda la prueba documental, resolvemos confirmar la sentencia apelada. Veamos los hechos que originan la controversia ante nos.
I
Según las denuncias presentadas contra la apelante, se le acusó por los delitos de Declaración o Alegación Falsa sobre Delito (33 L.P.R.A. 4494) y Apropiación Ilegal de Vehículo (9 L.P.R.A. 3217 (6)), por hechos ocurridos el 4 de junio de 1999. Se le imputa haber informado que el 3 de junio de 1999 dejó su auto Pontiac Sunfire, color rojo, tablilla, CKY 578, en la carretera Núm. 125 del Barrio Voladonas de Moca debido a que el mismo sufrió desperfectos mecánicos. Cuando regresó a buscarlo en la mañana del próximo día, se percató de que le habían hurtado el mismo.
El vehículo fue recuperado en el Barrio Rocha en la Carr. 112 en Moca y jurisdicción con Isabela. La acusada Soto Barreto fue entrevistada en la División de Vehículos Hurtados y en dicha entrevista, después de repetir la versión original que su vehículo fue hurtado, indicó poco más adelante que ella forzó la cerradura de la puerta y sacó el radio y le rompió el cover del swich del encendedor. El agente informó que procedió a leerle las advertencias.
Alegó el informante, el agente Edgardo Hernández Cordero, que durante la entrevista estaba presente junto al Sgto. Orlando López.
El Ministerio Público acusó a la apelante conforme a los anteriores hechos expresados de haber hecho declaraciones falsas durante una investigación de naturaleza criminal, declarando que su vehículo fue hurtado, teniendo conocimiento que dicha información era falsa, por lo que se le acusó de infracción al Art. 259 del Código Penal, supra.
Se le acusó también de intentar defraudar a la compañía General Motors, al notificar como hurtado el vehículo Pontiac antes descrito, teniendo conocimiento que dicho hurto era falso para liberarse del pago de *733 dicho auto. Se la acusó de infracción al Art. 18 de la Ley 8, supra.
Ventilado el juicio por Tribunal de Derecho, el tribunal le declaró culpable de los delitos imputados.
Inconforme, recurre ante nos. Tres de los errores señalados discutidos en su posterior alegato, se reducen a cuestionar la suficiencia de la prueba para encontrarla culpable más allá de duda razonable. Se alega además que tampoco se probaron los elementos del delito. Procedemos a discutir éstos errores. Los últimos dos errores consisten en alegaciones de estricto derecho y los discutiremos más adelante.
II
Los primeros tres errores, como antes expresamos, cuestionan la suficiencia de la prueba. El primero plantea que no se demostró más allá de duda razonable que la apelante cometió el delito por el cual fue encontrada culpable. Diferimos.
Es norma reiterada que un tribunal apelativo no intervendrá con la apreciación de la prueba, ya que esto corresponde al foro sentenciador. Nuestra intervención sólo ocurre cuando exista error manifiesto, pasión, prejuicio o parcialidad. Es el foro de instancia el que tiene la oportunidad de observar y escuchar a los testigos y, por ello, su apreciación merece gran respeto y deferencia. Pueblo v. Acevedo Estrada, 150 D.P.R._, 2000 J.T.S. 22, a la pág. 573. Las determinaciones que hace el juzgador de los hechos, no deben ser descartadas arbitrariamente, ni tampoco deben sustituirse por el criterio del foro apelativo, a menos que de la prueba admitida surja que no existe base suficiente que apoye la determinación. Pueblo v. Maisonave, 129 D.P.R. 49, 62-63 (1991).
Sabido es también que es un requisito sine qua non que el Estado presente prueba respecto a cada uno de los elementos del delito, su conexión con el acusado y la intención o negligencia criminal de este último y esto se debe establecer más allá de la duda razonable. Pueblo, en interés de F.S.C., 128 D.P.R. 931, 941 (1991). La prueba del Ministerio Público tiene que ser satisfactoria, es decir, prueba que produzca certeza o convicción moral en una conciencia exenta de preocupación o en un ánimo no prevenido. Pueblo v. Rodríguez Román, 128 D.P.R. 121, 131 (1991).
Repasemos la prueba presentada ante el tribunal juzgador según surge de la exposición narrativa para determinar si ésta es suficiente para satisfactoriamente probar el delito, si es prueba que produce certeza o convicción moral en una conciencia exenta de preocupación o en un ánimo no prevenido, y si los elementos del delito fueron probados más allá de la duda razonable.
III
El primer testigo, Luis Tirado Arce, se limitó a establecer que investigó una querella contra la acusada. Que ésta informó que dejó su vehículo estacionado en la Carretera 125 del Barrio Voladoras de Moca, Puerto Rico, porque se le dañó y cuando fue a buscarlo el próximo día en horas de la mañana, el auto no estaba y cuando fue a reportarlo le indicaron que se encontraba en Isabela recuperado. Redactó un informe de vehículo hurtado, se lo leyó a la acusada, ésta lo aceptó como correcto. El vehículo se le entregó al Agente López y se confeccionó el informe pertinente. La acusada no manifestó en ningún momento que el vehículo se lo hubieran hurtado, según su testimonio!
El segundo testigo fue el Sargento Orlando López y, en lo pertinente, declaró ser Supervisor de Vehículos Hurtados en Aguadilla, que conoce al agente Edgardo Hernández Cordero y éste trabaja en la División y que el caso de la acusada fue asignado a él, al agente Hernández Cordero y éste investigó el caso. Entrevistó a la acusada y que estuvo presente en parte de la entrevista.
El tercer testigo fue el Agente Edgardo Hernández Cordero, y su testimonio, aunque algo largo, se puede resumir refiriéndonos a varias de sus contestaciones a preguntas que le hicieran el Ministerio Público y la *734 defensa. En su entrevista con la acusada surgieron unos hechos que según el agente fueron establecidos por las declaraciones de la acusada. Se le citó a la apelante, en calidad de querellante peijudicada, (pág. 8 de la E.N.). Informa la apelante que la noche indicada salió a buscar un mecánico porque el carro se le dañaba mucho y se le quedó. Lo dejó al ser recogido por su hermana. Comentó además que tenía unos pagos atrasados. (Pág. 9, E.N.) Hernández Cordero declaró que le hizo las advertencias. (Pág. 9 de la E.N.) Le entregó la tarjeta de las advertencias. (Misma pág. de la E.N.) Las advertencias se le hicieron como persona sospechosa. (Pág. 9 de la E. N.) Le hace las advertencias porque entendía que habían muchas contradicciones. Porque trabajaba con la policía como agente por seis años, la apelante expresó conocer las advertencias y que no las firmaba. Al final las firmó. Las anteriores declaraciones se encuentran en las págs. 9,10 y 11 de la E.N.
Declara el agente que hechas las advertencias, la apelante informó que estaba molesta con el vehículo, que ella misma con un destornillador rompió la cerradura a la puerta, rompió el cover del encendido y le sacó el radio. Luego, nuevamente cambia su declaración y dice que es un muchacho que ella conoce el que hizo los daños al vehículo y que ella le regaló el radio. Más adelante, por tercera vez, cambia la versión y dice que ella lo hizo todo y que no quería involucrar a nadie... (Pág. 12 E.N.).
En la pág. 13 de la E.N. declara el agente que el auto se le había entregado a la acusada el día que fue recuperado y que le tomó fotos en su residencia que alquilaba y le faltaba el radio, tenía el cover del encendedor roto y tenía la cerradura rota. Las fotos fueron admitidas en evidencia por el tribunal. (Pág 21 E.N.).
El resto de la Exposición Narrativa muestra el intento de la defensa de impugnar este testimonio y comentarios o discusiones entre la representación legal de las partes y las intervenciones del juzgador.
No obstante, debemos hacer referencia a otras importantes declaraciones del Agente Hernández Cordero que entendemos aclaran la prueba presentada por el Pueblo y, obviamente, tomadas como ciertas por el tribunal, al menos en referencia a la parte crucial en cuanto a los elementos del delito y la admisión de la acusada de haber cometido el delito después de ser advertida de las consecuencias de su admisión.
En la pág. 29 de la E.N. se le pregunta al agente lo siguiente: "Y la cuestión es, que ahora usted dice que esa información, de que rompió con el destornillador y se llevó el radio fue después de haberle hecho las advertencias" y el agente responde, "Eso es correcto." Poco más adelante declara, "Lo que estoy declarando en el día de hoy es bajo juramento".
Más adelante, la defensa le pregunta al agente: "Mire, pero usted dice que usted le advirtió de que ella podía ser acusada; y a pesar de eso usted... ella siguió hablando; diciendo que sí, que ella lo había llevado, ¿verdad?" El agente contestas: "Si" (A la pág. 31 de la E.N.)
El testimonio del agente con el contrainterrogatorió de la defensa nos convence, primero, que la propia acusada admitió haber cometido los delitos de los cuales fue acusada, se configuraron todos los elementos, los mismos según sus propias admisiones, y finalmente que la acusada declaró posteriormente a ser advertida de sus derechos por el agente Hernández Cordero. Pueblo v. Ruiz Bosh, 127 D.P.R. 762, (1991), y Pueblo v. Pellot Pérez, 121 D.P.R. 791 ( 1988).
Debemos añadir unos factores adicionales. Las advertencias legales fueron estipuladas. (E.N., pág. 11). La acusada fue agente de la policía por seis años y en ningún momento se pasó prueba para mostrar que estaba incapacitada o que su declaración fuera forzada o involuntariamente expresada por ella.
Por estas razones, los tres primeros errores no se cometieron. Veamos ahora los restantes dos errores de derecho.
Alega la apelante que el tribunal apelado erró al condenarla por un acto u omisión penable en distintos *735 modos por diferentes disposicicines penales en contradicción con el Artículo 63 del Código Penal do Puerto Rico. No estamos de acuerdo.
La infracción al Art. 18, Ley 8, Ley sobre Propiedad Vehicular, supra, requiere el propósito del delincuente de defraudar a la compañía que tiene un interés económico o monetario en la propiedad hurtada falsamente. El delito que se comete con la infracción al Artículo 259 del Código Penal, es alegar falsamente que se ha cometido un delito grave, provocando así el inicio de una investigación encaminada a esclarecerlo. Son delitos distintos. Cada infracción genera más de una lesión. Cada delito exige algún elemento de prueba, distinto a la requerida para la comisión de otro, por lo que se trata de delitos múltiples, condenables separadamente. Pueblo v. Meléndez Cartagena, 106 D.P.R. 338, a la pág. 345, (1977); Neal v. State, 357 P2d 839. Este error tampoco se cometió
En lo pertinente, la Regla 160 de la Reglas de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 160, expresa que el tribunal podrá reservarse el fallo por un término de dos (2) días, después de haberse sometido la. causa. La apelante alega que el tribunal de primera instancia no cumplió con este requisito.
Entendemos que este planteamiento es frívolo. Surge de la exposición narrativa de la prueba que el Juez le solicitó a las partes que le ilustren por escrito sobre el punto de la "admisión" a base del testimonio vertido y así lo solicitó. En cuanto a esta solicitud que hiciera el tribunal, la defensa expresó "no tener problemas", (Pág. 40 de la E.N.) El término que expresa la referida Regla 160, es renunciable. Véase, Derecho Procesal Penal, Vol. Ill, Ed. 1993, a la pág 520, del Prof. Chiesa. Este último error tampoco se cometió.
Por los fundamentos antes relacionados, se confirma la Sentencia apelada.
Notifíquese.
Lo acordó y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General